962 A.2d 1210 (2008)
U.S. BANK NATIONAL ASSOCIATION, Appellee
v.
Victoria PARKER, Appellant.
No. 816 EDA 2008
Superior Court of Pennsylvania.
Submitted August 11, 2008.
Filed December 8, 2008.
Victoria Parker, appellant, Pro Se.
George V. Baker, Jr., Philadelphia, for appellee.
Stephen A. Corbman, Philadelphia, for Participating Party.
BEFORE: PANELLA, DONOHUE and COLVILLE[*], JJ.
OPINION BY COLVILLE, J.:
¶ 1 This is an appeal from an order denying Appellant's "Petition for Redemption of Real Property." We affirm.
*1211 The trial court summarized this matter in the following manner:
[Appellant] was the owner of 4641 North Marvine Street, Philadelphia, PA 19140. This property was sold at a tax sale on December 28, 2006, and the terms of the sale were thereafter complied with and the sheriff's deed was acknowledged on March 19, 2007. At the sale, the property was purchased by a third party for approximately $34,000. [Appellant] now seeks to redeem the property and filed this motion to redeem premises on December 24, 2007. [Appellee] does not contest redemption so long as [Appellant] has complied with the statutory requirements, but argues that [Appellant's] motion was not timely filed.
Upon payment of all the necessary costs and fees, the owner of any property sold under tax or municipal claim may redeem the property at anytime within nine months of acknowledgement of the sheriff's deed. 53 Pa.Cons.Stat. § 7293(a) (2006). [Appellant] filed this motion on December 24, 2007. The sheriff's deed was acknowledged on March 19, 2007. See Ex. D at [Appellee's] Responsive Pleading. Therefore, this motion to redeem premises is untimely and is denied.
Trial Court Opinion, 3/19/08 (emphasis in original). This timely appeal followed.
¶ 2 In her brief to this Court, Appellant asks us to consider the following questions:
1. Whether the lower court erred by failing to give Appellant notice and an opportunity to show cause for any untimely filing of the petition for redemption of property since the failure to file a timely petition under 53, P.S., § 7293 is excusable?
2. Whether Appellant's petition for redemption of her real property was timely given the mistaken advice publicly announced by counsel at the sheriff's sale that Appellant had one year from the date of acknowledgment of sheriff's deed to file her petition?
Appellant's Brief at 2.
¶ 3 Under her first issue, Appellant practically concedes that, pursuant to 53 P.S. § 7293(a), she untimely filed her petition. She, however, attempts to shift this Court's focus toward 53 P.S. § 7293(b). Appellant's argument can be summarized in this way:
The law governing petitions to redeem real property sold at a municipal or tax lien sale, 53, P.S., § 7293(b), specifically states, in pertinent part, that "Any person entitled to redeem may present his petition to the proper court, setting forth the facts,....; whereupon the court shall grant a rule to show cause why the purchaser should not re-convey to him the premises sold; ..." The Legislature[']s use of the word "shall" in this statute makes it mandatory that the court at a minimum issue a Rule which would afford [A]ppellant notice and an opportunity to respond to arguments raised by opposing parties.
This statute implies that [A]ppellant has a due process right under the Fourteenth Amendment of the United States Constitution to notice and an opportunity to be heard to show cause why dismissal on untimely grounds is not appropriate.
Appellant's Brief at 7 (emphasis in original).
¶ 4 This issue presents the Court with a question which requires that we interpret 53 P.S. § 7293.[1] "[A]s in all matters requiring *1212 statutory interpretation, we are guided by the provisions of the Statutory Construction Act, 1 Pa.C.S.[A.] § 1501 et seq." Swords v. Harleysville Insurance Companies, 584 Pa. 382, 883 A.2d 562, 567 (2005).
Under the Statutory Construction Act, the object of all statutory construction is to ascertain and effectuate the General Assembly's intention. 1 Pa.C.S.[A.] § 1921(a). When the words of a statute are clear and free from all ambiguity, the letter of the statute is not to be disregarded under the pretext of pursuing its spirit. 1 Pa.C.S.[A] § 1921(b).
Id.
¶ 5 As the trial court pointed out, the time requirement for filing a petition to redeem property is governed by 53 P.S. § 7293(a). Subsection 7293(a) provides, in relevant part:
The owner of any property sold under a tax or municipal claim, or his assignees, or any party whose lien or estate has been discharged thereby, may, except as provided in subsection (c) of this section,[[2]] redeem the same at any time within nine months from the date of the acknowledgment of the sheriff's deed therefore....
53 P.S. § 7293(a) (emphasis added).
¶ 6 This statute clearly and unambiguously required Appellant to redeem her property "within nine months from the date of the acknowledgment of the sheriff's deed." Id. It is undisputed that the sheriff's deed was acknowledged on March 19, 2007. Thus, Appellant had until December 19, 2007, in order to file her petition to redeem. Unfortunately for Appellant, she filed her petition on December 24, 2007, i.e., five days late.
¶ 7 Furthermore, we reject Appellant's argument regarding subsection 7293(b). This subsection states:
Any person entitled to redeem may present his petition to the proper court, setting forth the facts, and his readiness to pay the redemption money; whereupon the court shall grant a rule to show cause why the purchaser should not reconvey to him the premises sold; and if, upon hearing, the court shall be satisfied of the facts, it shall make the rule absolute, and upon payment being made or tendered, shall enforce it by attachment.
53 P.S. § 7293(b) (emphasis in original). Under this subsection, a trial court is required to grant a rule to show cause why the purchaser should not reconvey to the owner the premises sold. However, pursuant to the clear and unambiguous words of the statute, this requirement is triggered when a "person entitled to redeem" presents a petition to redeem. Here, because Appellant failed to comply with the timeliness requirements of subsection 7293(a), she was not a "person entitled to redeem." Consequently, the trial court was under no obligation to grant a rule to show cause. For these reasons, we conclude that Appellant's first issue is meritless.
¶ 8 Under her second issue, Appellant contends that the authorities who conducted the judicial sale of her home and counsel for Appellee advised her that she had one year from the date the sheriff's deed was acknowledged in order to file her petition to redeem her property. Appellant essentially contends that the advice rendered to her amounted to bad faith on Appellee's part, and as such, her petition should not have been denied due to her untimely filing of the petition.
*1213 ¶ 9 As Appellee points out, Appellant failed to raise this issue in the trial court. Appellant, as a result, has waived the issue. Pa.R.A.P. 302(a) ("Issues not raised in the lower court are waived and cannot be raised for the first time on appeal.").
¶ 10 Order affirmed.
NOTES
[*] Retired Senior Judge assigned to the Superior Court.
[1] "Statutory interpretation implicates a question of law. Thus, our scope of review is plenary, and our standard of review is de novo." Commonwealth v. Van Aulen, 952 A.2d 1183, 1184 (Pa.Super.2008).
[2] Subsection (c) of this statute has no impact on this matter.