**SHAFER ELECTRIC &
CONSTRUCTION,**
Appellant

v.

**Raymond MANTIA & Donna Mantia,
Husband & Wife, Appellees.**

Superior Court of Pennsylvania.

Argued April 3, 2013.

Filed May 10, 2013.

Lynn R. Emerson, Oakdale, for appellant.

Douglas R. Nolin, Washington, for appellees.

BEFORE: BOWES, J., DONOHUE, J., and MUNDY, J.

OPINION BY MUNDY, J.:

Appellant, Shafer Electric and Construction, appeals from the July 10, 2012 order granting the preliminary objections filed by Appellees, Raymond and Donna Mantia, dismissing Appellant's complaint with prejudice, and striking its mechanics' lien. Upon careful review, we reverse and re-

mand for further proceedings consistent with this opinion.

This case involved an alleged breach of a written home improvement contract between the parties for the construction of a 34' × 24' addition to Appellees' garage. The record establishes that Appellant is a licensed contractor with its principal place of business located in New Cumberland, West Virginia. At all relevant times hereto, however, Appellant was not registered as a contractor in the Commonwealth of Pennsylvania under the Home Improvement Consumer Protection Act (HICPA).[1] Appellees are husband and wife and reside in Avella, Pennsylvania.

The trial court summarized the relevant facts and procedural history of this case as follows.

[Appellant] filed a mechanics['] lien on April 29, 2011 to begin the action. Thereafter, on December 6, 2011 [Appellant] filed a Complaint with an alleged contract between the parties attached thereto. [Appellant] characterized the contract as one for home improvement in the form of a 34' × 24' addition to the [Appellees'] garage. [Appellant] alleged that it completed $37,874.26 worth of home improvement work and that [Appellees] have not paid that amount. [Appellant] claimed that amount as damages under breach of contract, or alternatively, a theory of *quantum meruit*.[2]

---

1. 73 P.S. §§ 517.1–517.18.

2. We note that Appellant's complaint pled causes of action sounding in both breach of contract and *quantum meruit*. *See* Complaint, 12/6/11, at ¶¶ 27–38. Courts in this Commonwealth have continually recognized that a litigant may advance alternative or conflicting theories of recovery, including causes of action for breach of contract and *quantum meruit/* unjust enrichment. *See Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 n. 5 (Pa.Super.2009) (stating, "unjust enrichment may be pleaded in the alternative with breach of contract[ ]"), *appeal denied*, 602 Pa.

668, 980 A.2d 609 (2009); *see also Halstead v. Motorcycle Safety Foundation, Inc.*, 71 F.Supp.2d 455, 459 (E.D.Pa.1999) (stating that while Pennsylvania law precludes recovery on a *quantum meruit* claim when a valid contract exists, plaintiffs are free to pursue alternative theories of recovery); *Atlantic Paper Box Co. v. Whitman's Chocolates*, 844 F.Supp. 1038, 1043 (E.D.Pa.1994) (stating that plaintiffs may allege "alternative theories of recovery based on both breach of contract and unjust enrichment even when the existence of a valid contract would preclude recovery under unjust enrichment...."). Ac-

[On February 1, 2012,] [Appellees] filed preliminary objections in the form of a demurrer claiming that the Complaint was legally insufficient because the contract is unenforceable under the [HICPA].

Trial Court Opinion, 8/17/12, at 1 (footnote omitted; emphasis added).[3]

On February 21, 2012, Appellant filed a reply to Appellees' preliminary objections. On July 6, 2012, the trial court heard oral argument on Appellees' preliminary objections. Thereafter, on July 10, 2012, the trial court entered an order granting Appellees' preliminary objections, dismissing Appellant's complaint with prejudice, and striking its mechanics' lien. In support of this decision, the trial court concluded that the parties' written home improvement contract was invalid and unenforceable under the HICPA, and Appellant was barred from seeking recovery based upon a theory of *quantum meruit* because said contract did not comply with section 517.7(a) of the HICPA. *Id.* at 2–4. On August 9, 2012, Appellant filed a timely notice of appeal.[4]

On appeal, Appellant raises the following issues for our review.

1. Whether the trial court erred in the ignoring in Quantum Meruit recovery pursuant to the Home Improvement Consumer Protection Act ("HICPA" or the "Act"), when the Act contemplates in Quantum Meruit recovery?

2. Whether the Act applies to a contract where the consumer, who is also a contractor, solicited the services and hires another contractor for a portion of an improvement project on his own home?

3. Whether the trial court erred in ignoring the theory of mutual mistake, where neither party knew about the requirement to register under the Act when the contract was formed, and then one party seeks to invalidate the contract, after performance by the other, based on the Act?

4. Whether the trial court erred in ignoring the theory of equitable estoppel, where the Appellee, being a Pennsylvania contractor either knew or should have known about the HICPA registration requirement, and kept silent about the requirement when he hired the Appellant, an out of state contractor, when the contract was formed, then pled the requirements of the Act to invalidate the same contract to his benefit?

Appellant's Brief at 4.

Our standard of review of a trial court's order granting preliminary objections is well settled.

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

---

cordingly, Appellant was not foreclosed from pleading alternative causes of action sounding in breach of contract and *quantum meruit.*

3. The record reflects that the August 17, 2012 opinion of the trial court does not contain pagination. For the ease of our discussion, we have assigned each page a corresponding number.

4. The trial court did not order Appellant to file a concise statement of errors complained of on appeal, pursuant to Pa.R.A.P. 1925(b), but did author a Rule 1925(a) opinion on August 17, 2012.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Richmond v. McHale*, 35 A.3d 779, 783 (Pa.Super.2012), *quoting Feingold v. Hendrzak*, 15 A.3d 937, 941 (Pa.Super.2011).

■ Appellant first argues "the trial court erred in ignoring in (sic) *[q]uantum [m]eruit* recovery" on the basis the parties' home improvement contract did not comply with section 517.7(a) of the HICPA, when such recovery is clearly contemplated by section 517.7(g). Appellant's Brief at 9–10 (emphasis added). For the following reasons, we conclude that Appellant is entitled to relief on this claim.

The interpretation of a statute such as the HICPA implicates "a question of law. Thus, our scope of review is plenary, and our standard of review is *de novo*." *U.S. Bank. Nat. Ass'n v. Parker*, 962 A.2d 1210, 1212 n. 1 (Pa.Super.2008) (citation omitted).

Section 517.7(a) of the HICPA sets forth the requirements for a valid and enforceable home improvement contract, and provides as follows.

**§ 517.7. Home improvement contracts**
**(a) Requirements.**—No home improvement contract shall be valid or enforceable against an owner unless it:

(1) Is in writing and legible and contains the home improvement contractor registration number of the performing contractor.

(2) Is signed by all of the following:

(i) The owner, his agent or other contracted party.

(ii) The contractor or a salesperson on behalf of a contractor.

(3) Contains the entire agreement between the owner and the contractor, including attached copies of all required notices.

(4) Contains the date of the transaction.

(5) Contains the name, address and telephone number of the contractor. For the purposes of this paragraph, a post office box number alone shall not be considered an address.

(6) Contains the approximate starting date and completion date.

(7) Includes a description of the work to be performed, the materials to be used and a set of specifications that cannot be changed without a written change order signed by the owner and the contractor.

(8) Includes the total sales price due under the contract.

(9) Includes the amount of any down payment plus any amount advanced for the purchase of special order materials. The amount of the down payment and the cost of the special order materials must be listed separately.

(10) Includes the names, addresses and telephone numbers of all subcontractors on the project known at the date of signing the contract. For the purposes of this paragraph, a post office box number alone shall not be considered an address.

(11) Except as provided in section 12, agrees to maintain liability insurance covering personal injury in an amount

not less than $50,000 and insurance covering property damage caused by the work of a home improvement contractor in an amount not less than $50,000 and identifies the current amount of insurance coverage maintained at the time of signing the contract.

(12) Includes the toll-free telephone number under section 3(b).

(13) Includes a notice of the right of rescission under subsection (b).

73 P.S. § 517.7(a) (footnotes omitted).

■ A contractor's right to recover under the theory of *quantum meruit*,[5] in turn, is set forth in section 517.7(g), which, somewhat puzzlingly, mandates compliance with subsection (a). Specifically, section 517.7(g) states as follows.

(g) **Contractor's recovery right.**— Nothing in this section shall preclude a contractor who has complied with subsection (a) from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner if a court determines that it would be inequitable to deny such recovery.

*Id.* § 517.7(g).

As noted, the trial court concluded that the parties' written home improvement contract was invalid and unenforceable under section 517.7(a), and thus, Appellant was precluded from seeking recovery based upon the quasi-contract theory of *quantum meruit* provided for in section 517.7(g). *See* Trial Court Opinion, 8/17/12,

at 2–4. Upon review, we conclude that a plain reading of the HICPA as written serves only to impermissibly limit its true purpose in a manner that makes *quantum meruit* recovery under subsection (g) impossible, and subverts what we believe to be the General Assembly's obvious intention in providing for a quasi-contract theory of recovery in situations where no valid written contract exists.

■ It is well settled that "[t]he object of all interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly[,]" and that "[e]very statute shall be construed, if possible, to give effect to all its provisions." 1 Pa.C.S.A. § 1921(a). "Generally, the best indication of legislative intent is the plain language of the statute." *Koken v. Reliance Ins. Co.*, 586 Pa. 269, 893 A.2d 70, 81 (2006). However, when the language of a statute is not explicit or free from ambiguity, "a court may resort to other considerations, such as the statute's perceived 'purpose,' in order to ascertain legislative intent." *In re Canvass of Absentee Ballots of November 4, 2003 General Election*, 577 Pa. 231, 843 A.2d 1223, 1230 (2004) (citations omitted).

■ Herein, the General Assembly's obvious "purpose" in drafting section 517.7(g) was to provide for an equitable remedy in situations where there was no valid and enforceable written contract under section 517.7(a). To conclude otherwise renders the type of recovery contemplated by Legislature in subsection (g)

---

**5.** Our Supreme Court has defined the doctrine of *quantum meruit* as "an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services." *American and Foreign Ins. Co. v. Jerry's Sport Center, Inc.*, 606 Pa. 584, 2 A.3d 526, 532 n. 8 (2010) (citation omitted). To prevail under such a theory, a plaintiff must prove the following three elements.

[B]enefits conferred on defendant by plaintiff[;] appreciation of such benefits by defendant[;] and acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. *Temple University Hosp., Inc. v. Healthcare Management Alternatives, Inc.*, 832 A.2d 501, 507 (Pa.Super.2003) (citation omitted), *appeal denied*, 577 Pa. 724, 847 A.2d 1288 (2004).

impossible. The quasi-contract theories of *quantum meruit* and unjust enrichment, by definition, imply that no valid and enforceable written contract exists between the parties. Critically, "it has long been held in this Commonwealth that the doctrine of unjust enrichment is inapplicable when the relationship between parties is founded upon a written agreement or express contract...." *Wilson Area School Dist. v. Skepton*, 586 Pa. 513, 895 A.2d 1250, 1254 (2006); *see also Halstead, supra; Atlantic Paper Box Co., supra.* Thus, the statute yields an absurd result of providing contractors with an equitable means of recovery under quasi-contract theory, **but only when** a written contract exists such that *quantum meruit* recovery is not needed nor allowed by law. As Appellant aptly noted in his brief,

> if this were the intent of the drafters [of the HICPA], to require the contractor to comport with all of the requirements of [section 517.7(a) ] to recover in [q]uantum [m]eruit, then the contractor does not need to recover on a *[q]uantum [m]eruit* theory, for the value of his services, because he would have a valid and enforceable contract on which to rely.

Appellant's Brief at 9–10. Accordingly, for all the foregoing reasons, we conclude that Appellant is entitled to relief on his first claim.

Moreover, we note this Court has recently addressed a similar situation in *Durst v. Milroy General Contracting, Inc.*, 52 A.3d 357 (Pa.Super.2012). *Durst* involved a contractor who brought a *quantum meruit* claim against two homeowners after they failed to pay him pursuant to an oral contract for improvements made to their home. *Id.* at 358–359. The trial court overruled the homeowners' preliminary objections to the contractor's com-

plaint, and they appealed to this Court. *Id.* On appeal, a panel of this Court addressed whether the plain language of the HICPA precludes lawsuits where home improvement work was conducted, but no valid contract exists and the contractor is seeking to recover under a theory of *quantum meruit. Id.* at 359–360. The *Durst* Court held, following a lengthy examination of the theories of *quantum meruit* and unjust enrichment, that where no valid contract exists, quasi-contract theories of recovery survive the HICPA. Specifically, the *Durst* Court stated as follows.

> Under the HICPA, in order to maintain a cause of action for home improvement contracts, those contracts must be in writing. *See* 73 P.S. § 517.7(a). However, the HICPA is silent as to actions in quasi-contract, such as unjust enrichment and *quantum meruit*— which, by definition, implicate the fact that, for whatever reason, no written contract existed between the parties. Thus, we hold that quasi-contract theories of recovery survive the HICPA; therefore, the trial court did not err in overruling the preliminary objection in the nature of a demurrer.

*Id.* at 361 (citation in original; footnote omitted).

Similarly, as in *Durst*, the parties in the instant matter did not have a **valid and enforceable** home improvement contract pursuant to section 517.7(a) of the HICPA. The trial court acknowledged as much in its opinion. *See* Trial Court Opinion, 8/17/12, at 2–4. "[T]he plain language of [section 517.7(g) ] refers only to those contractors who have complied with subsection (a), which requires a written contract. Again, the statute does not speak to what happens when there is no written contract." *Durst, supra* at 361 n. 3. Consequently, as the parties' purported written contract in this matter did not comply with

subsection (a) and thus, was not valid and enforceable, Appellant cannot be precluded by the HICPA from recovering under the equitable doctrine of *quantum meruit* for the nearly $38,000 worth of work he performed for Appellees.

Based on the foregoing, we therefore conclude the trial court erred in granting Appellees' preliminary objections in the nature of a demurrer, dismissing Appellant's complaint with prejudice, and striking its mechanics' lien.[6] Accordingly, we reverse the trial court's July 10, 2012 order and remand for further proceedings consistent with this opinion.

Order reversed. Case remanded. Jurisdiction relinquished. Judgment Entered.

---

6. In reaching said conclusion, we recognize that when the trial court filed its opinion in this matter, *Durst* had not yet been decided by this Court. Furthermore, in light of our disposition, we need not express any opinion on Appellant's alternative theories of relief.