GRAY, J.,
ORDER
Before the court are the preliminary objections filed by defendants Waste Management, Inc. (WMI) and Waste Management of Pennsylvania, Inc. (WM-Pa) on March 23, 2015 to plaintiffs’ reinstated complaint. Upon consideration of the argument held on May 13, 2015, and briefs submitted by counsel, the court overrules the objections. The following discussion is provided in support of the court’s rulings.
*563 A party may file preliminary objections based on the legal sufficiency or insufficiency of a pleading (demurrer) pursuant to Pa. R.C.P. 1028(a)(4). A demurrer tests the legal sufficiency of the complaint. Sullivan v. Chartwell Inv. Partners, LP, 873 A.2d 710, 714 (Pa. Super. 2005). When reviewing preliminary objections in the nature of a demurrer, the court must “accept as true all well-pleaded material facts set forth in the complaint and all inferences fairly deducible from those facts.” Thierfelder v. Wolfert, 52 A.3d 1251, 1253 (Pa. 2012), citing, Stilp v. Commonwealth, 940 A.2d 1227, 1232 n.9 (Pa. 2007). In deciding a demurrer “it is essential that the face of the complaint indicate that its claims may not be sustained and that the law will not permit a recovery. If there is any doubt, it should be resolved by the overruling of the demurrer.” Melon Bank, N.A. v. Fabinyi, 650 A.2d 895, 899 (Pa. Super. 1994) (citations omitted). “Preliminary objections, the end result of which would be dismissal of a cause of action, should be sustained only in cases that are clear andfree from doubt.” Bower v. Bower, 611 A.2d 181, 182 (Pa. 1992)(emphasis added).
Defendants filed three preliminary objections. The first preliminary objection is a demurrer to claims against WMI for failure to aver facts upon which the action is based. “The material facts on which a cause of action or defense is based shall be stated in a concise and summary form.” Pa. R.C.P. 1019(a). Defendants contend that the allegations against WMI are legal conclusions without any facts to support those conclusions. This court disagrees. In ¶ 7 of the complaint, plaintiffs aver that Bosque assigned its interests in the lease to one or both of the Williamsport Waste Management defendants, that they are related corporations, and that they are collectively successor in *564 interest to Bosque. The court believes these are sufficient facts to state a claim against WMI for potential liability for obligations under the Bosque lease or equitable contracts.
The second and third preliminary objections are demurrers to equitable contractual claims on the grounds that such laims cannot be asserted in the alternative to a breach of contract claim. Specifically, defendants contend that a breach of an implied in fact contract and a claim for unjust enrichment cannot be asserted in the alternative to breach of an express contract unless the validity of the contract is disputed. Defendants’ brief, at 7-8, citing, Grudkowski v. Foremost Ins. Co., 556 Fed. Appx. 165, 170 n.8 (3rd Cir. 2014); Montanez v. HSBC Mortg. Corp. (USA), 876 F. Supp. 2d 504, 516 (E.D. Pa. 2012); Gallo v. PHH Morg. Corp., 916 F.Supp. 2d 537, 553 (D.N.J. 2012); and DTK Ventures, L.P. v. Russo, NO. 05 EQ 4059 (C.P. Lackawanna August 21, 2006) The court notes that the only cases cited to support this contention are federal cases interpreting Pennsylvania law.[1]
By contrast, Pennsylvania Courts have repeatedly held that breach of contract and unjust enrichment may be plead as separate counts as alternative causes of action under Pa.R.C.P. 1020(c). Lugo v. Farmers Pride, Inc., 2009 PA Super 5, 967 A.2d 963 (Pa. Super. 2009), citing, Pa.R.C.P. 1020(c); Standard Pennsylvania Practice, § 16:59; Rollinson v. Clarke-DeMarco, 83 Pa. D. & C.4th 467, 2007 WL 4593471 (Pa.Com.Pl., Mercer Co., 2007); DTK Ventures, L.P. v. Russo, 2006 Pa. Dist. & Cnty. Dec. LEXIS 570,2006 WL 2988463 (Pa.Com.Pl., Lackawanna *565 Co., August 21, 2006); Kerkel v. SPD Elec. Systems, 2003 Phila. Ct. Com. Pl. LEXIS 42, 2003 WL 23005010 (Pa.Com.Pl., Philadelphia Co., December 9, 2003). See, also, Shafer Elec. & Constr. v. Manila, 2013 PA Super 111, 67 A.3d 8, 2013 Pa. Super. LEXIS 722 (Pa. Super. 2013)(“Courts in this Commonwealth have continually recognized that a litigant may advance alternative or conflicting theories of recovery, including causes of action for breach of contract and quantum meruit/unjust enrichment.”) This court is compelled to follow the courts in this Commonwealth in this regard.
Accordingly, the court enters the following order.
ORDER
And now, this 14th day of May, 2015, it is ordered and directed that defendants’ objections are overruled. Defendant shall file an answer within twenty days. This matter is placed on the court’s January 2016 trial term. A separate scheduling order will be issued this same date.

. Contrary to defendant’s assertion, DTK Ventures, supra, recognizes that litigants may “advance alternative or conflicting theories of recovery, including causes of action for breach of contract and unjust enrichment.” Id. (citations omitted.)