J-S71019-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| IN RE: ESTATE OF ROSEMARIE MONTEVERDE, DECEASED | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| APPEAL OF: ELIZABETH ADAMS | : : : : : : : | |
| | : | No. 1995 EDA 2019 |

Appeal from the Order Entered June 17, 2019
In the Court of Common Pleas of Chester County Orphans' Court at
No(s):  1513-0205

BEFORE:  BOWES, J., MURRAY, J., and McLAUGHLIN, J.

MEMORANDUM BY MURRAY, J.:                **FILED FEBRUARY 12, 2020**

Elizabeth Adams (Appellant), executrix of the estate of Rosemarie Monteverde (Decedent), appeals from the orphans' court's order sustaining the preliminary objections of Bank of America, N.A. (Bank of America), and dismissing Appellant's third amended petition for surcharge with prejudice. We affirm.

The orphans' court recounted the factual and procedural background:

> [Decedent] died on November 11, 2012.  Decedent was the sole trustee of a trust (The Monteverde Irrevocable Family Trust) created by her husband Joseph Monteverde with $100,000 in cash at United Jersey Bank.  Joseph Monteverde died in 1993.  The trust named as successor trustees Decedent's children[,] John Monteverde and [the Co-Executrixes: Appellant and Cecilia Rooney].  In 2009, Decedent was diagnosed with Alzheimer's disease and Co-Executrixes obtained Power of Attorney for her. In 2011, under the authority of the POA, Co-Executrixes went to a Bank of America (successor by merger of United Jersey Bank) branch office in New Jersey to close all accounts with [Bank of America], and all safety deposit boxes.  On July 31, 2011, nine

accounts were closed with [Bank of America] together with all safety deposit boxes.

In 2012, Co-Executrixes noticed an amount of money, less than $100, was deposited into one of Decedent's Bank of America accounts. The funds were thereafter withdrawn by [Bank of America]. This happened again in 2013, 2014, 2015[,] and 2016. In 2012, 2013, 2014, 2015[,] and 2016, [Bank of America] billed the estate for the safety deposit box that had been closed in 2011.

On May 9, 2016, Co-Executrixes received notice from Legal Complaint Services of the existence of The Monteverde Irrevocable Family Trust account. Co-Executrixes learned that the trust account was at Bank of America, valued in excess of $93,000. [Appellant] obtained original trust documents and a bank statement from 1993 showing a balance of $96,849.53. On May 20, 2016, [Appellant] presented the original trust paperwork to Bank of America. [Appellant] claimed that Bank of America failed to answer her questions regarding the funds and history of earnings. Bank of America contends that the funds in the account were distributed to [Appellant] on May 20, 2016. Co-Executrixes claim that the funds were released on November 9, 2018.

On October 12, 2018, Co-Executrixes filed a Petition for Surcharge. On November 8, 2018, Co-Executrixes filed an Amended Petition for Surcharge. On December 10, 2018, [Bank of America] filed Preliminary Objections to the Amended Petition for Surcharge. On December 28, 2018, Co-Executrixes filed a Second Amended Petition for Surcharge. On January 17, 2019, [Bank of America] filed Preliminary Objections to the Second Amended Petition for Surcharge. On February 5, 2019, Co-Executrixes filed a Third Amended Petition for Surcharge. On May 22, 2019, [Bank of America] filed Preliminary Objections to the Third Amended Petition for Surcharge.

\* \* \*

On June 17, 2019, [the orphans' court] sustained the Preliminary Objections to the Third Amended Petition, and dismissed with prejudice the claims against [Bank of America]. On July 15, 2019, [Appellant] filed the instant appeal.

Orphans' Court Opinion, 8/28/19, at 1-4.

Both Appellant and the orphans' court have complied with Pennsylvania Rule of Appellate Procedure 1925. Appellant presents three issues for review:

> 1. WHETHER THE COURT ERRED AS A MATTER OF LAW AND DISREGARDED ISSUES OF FACTS IN SUSTAINING [BANK OF AMERICA'S] PRELIMINARY OBJECTIONS TO THE THIRD AMENDED PETITION FOR SURCHARGE, WHEN APPELLANT'S CLAIMS ARE NOT TIME BARRED.
>
> 2. WHETHER THE COURT ERRED AS A MATTER OF LAW AND DISREGARDED ISSUES OF FACTS IN SUSTAINING [BANK OF AMERICA'S] PRELIMINARY OBJECTIONS TO THE THIRD AMENDED PETITION FOR SURCHARGE, WHERE APPELLANT SUCCESSFULLY STATED A CLAIM FOR BREACH OF FIDUCIARY DUTY.
>
> 3. WHETHER THE COURT ERRED AS A MATTER OF LAW AND DISREGARDED ISSUES OF FACTS IN SUSTAINING [BANK OF AMERICA'S] PRELIMINARY OBJECTIONS TO THE THIRD AMENDED PETITION FOR SURCHARGE, WHERE APPELLANT PLEAD SPECIFIC FACTS TO ALLEGE FRAUD.

Appellant's Brief at 5.

All three of Appellant's issues allege that the orphans' court committed an error of law in sustaining Bank of America's preliminary objections to Appellant's third amended petition for surcharge and dismissing her petition.

> Our standard of review of a [lower] court's order granting preliminary objections is well settled.
>
> [O]ur standard of review of an order of the [lower] court overruling or granting preliminary objections is to determine whether the [lower] court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the [lower] court.

***Shafer Elec. & Const. v. Mantia***, 67 A.3d 8, 10 (Pa. Super. 2013), ***aff'd on other grounds***, 96 A.3d 989 (Pa. 2014).

Initially, we note that a statute of limitations affirmative defense should be pled as new matter, not as a preliminary objection. *See* Pa.O.C.R. 3.11 ("All applicable affirmative defenses shall be pleaded in the answer under the heading 'New Matter.'"). Bank of America acknowledges this procedural error. *See* Bank of America's Brief at 16 n.2. However, Appellant failed to object to Bank of America's procedural error by filing a responsive preliminary objection, and therefore, Appellant has waived any claim challenging the error. *See Hvidak v. Linn*, 190 A.3d 1213, 1228 (Pa. Super. 2018) ("[W]here a party erroneously asserts substantive defenses in a preliminary objection rather than these defenses by answer or in new matter, the failure of the opposing party to file preliminary objections to the defective preliminary objections, raising the erroneous defense, waives the procedural defect and allows the [lower] court to rule on the preliminary objections.") (*citing Preiser v. Rosenzweig*, 614 A.2d 303, 305 (Pa. Super. 1992)). We therefore turn to the merits of Appellant's appeal.

In her first issue, Appellant claims the orphans' court erred in sustaining Bank of America's preliminary objections and concluding that her claims are barred by the applicable statute of limitations. *See* Appellant's Brief at 17-20. Both Bank of America and the orphans' court conclude that both causes of action raised by Appellant in her third amended petition for surcharge are time-barred. *See* Bank of America's Brief at 16-20; Orphans' Court Opinion, 8/28/19, at 4-5.

We have previously stated that, "[a]bsent issues pertaining to the discovery rule, whether the statute of limitations has run on a claim is generally a question of law for the [lower court] judge." **Wilson v. Transport Ins. Co.**, 889 A.2d 563, 570 (Pa. Super. 2005) (citation omitted). "Which statute of limitations applies to a cause of action is also a matter of law for the court to determine." **Id.** (citation omitted). "Additionally, the interpretation and application of a statute is a question of law that compels plenary review to determine whether the court committed an error of law." **Id.** (citations omitted).

"Generally, the statute of limitations begins to run when the right to institute and maintain suit arises." **Mahonski v. Engel**, 145 A.3d 175, 183 (Pa. Super. 2016) (citation omitted). However, Pennsylvania law recognizes the discovery rule exception to statutes of limitation:

> The discovery rule is a judicially created device which tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that [the plaintiff] has been injured, and (2) that [the] injury has been caused by another party's conduct. The limitations period begins to run when the injured party possesses sufficient critical facts to put him on notice that a wrong has been committed and that he need investigate to determine whether he is entitled to redress.

**Melley v. Pioneer Bank, N.A.**, 834 A.2d 1191, 1201 (Pa. Super. 2003) (citation omitted). While the application of the discovery rule is ordinarily a question of fact, where reasonable minds would not differ as to its application, the lower court may make the determination as a matter of law. **O'Kelly v. Dawson**, 62 A.3d 414, 420 (Pa. Super. 2013); **see also Toy v. Metropolitan**

*Life Ins. Co.*, 863 A.2d 1, 7-8 (Pa. Super. 2004) ("[W]here the facts are so clear that reasonable minds could not differ, the commencement period may be determined as a matter of law.") (citation omitted).

Turning to the matter before us, the applicable statute of limitations provides:

> The following actions and proceedings must be commenced within two years: . . .
>
> (7) Any other action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounds in trespass, including deceit or fraud, except an action or proceeding subject to another limitation specified in this subchapter.

42 Pa.C.S.A. § 5524(7).

The orphans' court concluded that both of Appellant's stated causes of action were time-barred by Section 5524(7), explaining:

> Any action or proceeding to recover damages for injury to person or property which is founded on negligent, intentional, or otherwise tortious conduct or any other action or proceeding sounding in trespass, including deceit or fraud shall be commenced within two years. 42 Pa. C.S.A. 5524(7). The statute of limitations begins to run as soon as the right to institute and maintain a suit arises; lack of knowledge, mistake or misunderstanding do not toll the running of the statute of limitations. It is the duty of the party asserting a cause of action to use all reasonable diligence to properly inform himself of the facts and circumstances upon which the right of recovery is based and to institute suit within the prescribed period. The exception to the statute of limitations, the discovery rule, tolls the running of the applicable statute of limitations until that point when the plaintiff knows or reasonably should know: (1) that he has been injured, and (2) that his injury has been caused by another party's conduct. *Weik v. Estate of Brown*, 794 A.2d 907, 909 (Pa. Super. 2002).

Since 2011, [Appellant] and [her sister,] Ms. Rooney, as agents under the [power of attorney], had access to financial records of Decedent's accounts with Bank of America. Since 2012, [Appellant and Ms. Rooney] were aware that deposits were made into one of Decedent's Bank of America accounts. As executors of the estate, [Appellant] and Ms. Rooney had a duty to gather the assets of the estate since the grant of Letters Testamentary on February 4, 2013. In May of 2016, [Appellant and Ms. Rooney] were on notice that Bank of America[] had an account titled "The Monteverde Irrevocable Family Trust." The two year Statute of Limitations began to run in May of 2016 when [Appellant] learned of the existence of the trust account and believed that Bank of America failed to disclose to her information regarding the account. [Appellant and Ms. Rooney] waited until October 18, 2018 to file the initial Petition for Surcharge. That was many years after they discovered that deposits were still made to Decedent's bank account, and more than two years after May of 2016 when they discovered the existence of the Trust account. Thus, [the orphans' court] found that [Appellant's] claim[s] against Bank of America [were] barred by the Statute of Limitations.

Orphans' Court Opinion, 8/28/19, at 4-5.

We agree with the orphans' court's determination that the discovery rule exception is applicable as a matter of law to Appellant's claims, and that even with its application, Appellant's claims are time-barred by Section 5524(7).

Appellant's third amended petition for surcharge raises two causes of action: breach of fiduciary duty and fraud. *See* Appellant's Third Amended Petition for Surcharge, 2/5/19, at 2-8. Pursuant to Section 5524(7), both claims allege tortious conduct and therefore "must be commenced within two years." 42 Pa.C.S.A. § 5524(7); *see also Zimmer v. Gruntal & Co., Inc.*, 732 F.Supp. 1330, 1335-36 (W.D. Pa. 1989) ("Common law fraud is a tort claim governed by Pennsylvania's two-year statute of limitations. . . . Likewise, breach of fiduciary duty is tortious conduct and subject to the two

year limitations period[.]") (*citing*, *inter alia*, 42 Pa.C.S.A. § 5524(7); Restatement (Second) of Torts, § 874 (1979)).

Appellant alleges that on July 21, 2011, acting under their power of attorney for Decedent, she and Ms. Rooney went to the Bank of America location in Oradell, New Jersey, to close all of the Decedent's accounts and safety deposit boxes. Appellant's Third Amended Petition for Surcharge, 2/5/19, at ¶ 9. At the conclusion of the July 21, 2011 visit, Bank of America "assured [Appellant and Ms. Rooney] that all of the accounts were closed and paid." *Id.* at ¶ 12.

Appellant further alleges in her petition that "[o]n or about April 25, 2016, [Appellant and Ms. Rooney] received notice from Legal Claimant Services" of the existence of "The Monteverde Irrevocable Family Trust of Rosemarie Monteverde." *Id.* at ¶¶ 20, 21. Legal Claimant Services also informed Appellant that the trust contained an excess of $93,000. *Id.* at ¶ 22.

In her petition, Appellant asserts that on or about May 8, 2016, an attorney provided her with "a copy of the original Trust documents and a United Jersey Bank statement from 1993, with a then balance of . . . []$96,849.53[]." *Id.* at ¶ 27. Appellant further alleges she presented the original trust documents and account statement to a representative of Bank of America on May 20, 2016. *Id.* at ¶ 29. Appellant avers, however, that Bank of America withheld all of its records pertaining to the Trust until August 14, 2017, and therefore argues that she was "unaware of [Bank of America's]

breaches and misconduct until receiving the records" on that date.  Appellant's Third Amended Petition for Surcharge, 2/5/19, at ¶¶ 34, 35.

Without the application of the discovery rule exception, the statute of limitations would begin to run when Bank of America allegedly expressed to Appellant that all of the Decedent's accounts were closed on July 21, 2011 — the date the alleged breach and fraudulent representation occurred.  **See** Appellant's Third Amended Petition for Surcharge, 2/5/19, at ¶ 12.  However, in analyzing Appellant's causes of action, the orphans' court correctly determined, as a matter of law, that the discovery rule exception to the statute of limitations is applicable to her claims.  **See** Orphans' Court Opinion, 8/28/19, at 5.  We conclude that Appellant did not have sufficient information on July 21, 2011 to know that she had been injured as a result of Bank of America's alleged misrepresentation.  **O'Kelly**, 62 A.3d at 420; **Melley**, 834 A.2d at 1201.

We also agree with the orphans' court's conclusion that the limitations period for Appellant's claims began to run in May 2016, when "[Appellant] learned of the existence of the trust account and believed that Bank of America failed to disclose to her information regarding the account."   Orphans' Court Opinion, 8/28/19, at 5; **see also O'Kelly**, 62 A.3d at 420; **Melley**, 834 A.2d at 1201.

Appellant first raised her breach of fiduciary claim against Bank of America in her original petition for surcharge filed on October 12, 2018, and asserted a claim of fraud in her second amended petition for surcharge filed

on December 28, 2018. Because the applicable two-year statute of limitations began to run in May 2016, Appellant had until May 2018 to raise both her breach of fiduciary duty and fraud claims. *See* 42 Pa.C.S.A. § 5524(7). The orphans' court therefore correctly determined that both of Appellant's causes of action are time-barred, and properly sustained Bank of America's preliminary objections asserting the statute of limitations as an affirmative defense.

Accordingly, the orphans' court did not err when it determined, as a matter of law, that the statute of limitations barred Appellant's breach of duty and fraud claims. Due to our conclusion that Appellant's claims are time-barred, we need not address Appellant's second or third issues, which examine whether Appellant adequately pled the causes of action in her petition. We therefore affirm the orphans' court's order sustaining Bank of America's preliminary objections and dismissing Appellant's petition with prejudice.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/12/20