Maureen DURST and Scott Durst, Appellants

v.

MILROY GENERAL CONTRACTING, INC.

Superior Court of Pennsylvania.

Argued July 11, 2012.

Filed Aug. 28, 2012.

Orris C. Knepp, III, Lewiston, for appellants.

John H. McCullogh, Lewiston, for appellee.

BEFORE: BOWES, OTT, and STRASSBURGER*, JJ.

OPINION BY STRASSBURGER, J.:

Appellants, Maureen and Scott Durst (the Dursts), appeal from the order overruling their preliminary objection in the nature of a demurrer to the complaint filed by Milroy General Contracting, Inc. (Milroy). Upon review, we affirm.

The complaint alleges that in April of 2010, the Dursts contacted Milroy to perform home improvements and the parties entered into an oral contract whereby the Dursts would pay Milroy $2,694 for the work. The work on the Dursts' home took place from May 19, 2010 through May 26, 2010. Milroy contends that during the course of the week, there were discussions and changes to the original work that was agreed upon, particularly some molding around a door.

After completion of the work, Milroy submitted a written invoice to the Dursts. The complaint alleges that a dispute arose regarding the molding and electrical box, and on June 16, 2010, Milroy submitted another written request for payment. Milroy contends that after repeated calls and requests for payment, the Dursts still did not pay Milroy any money for the work.

Milroy filed a complaint with a magisterial district judge, who conducted a hearing and found in favor of Milroy in the amount of $2,512. The Dursts filed a timely appeal to the Court of Common Pleas of

* Retired Senior Judge assigned to the Superior Court.

Mifflin County and ruled Milroy to file a complaint pursuant to Pa.R.C.P.M.D.J. 1004(B).

On January 11, 2011, Milroy filed a complaint alleging counts of breach of contract and *quantum meruit.* On March 28, 2011, Milroy filed an amended complaint asserting only the *quantum meruit* claim. On March 31, 2011, the Dursts filed a preliminary objection in the nature of a demurrer asserting that an "attempt to collect on an oral home improvement contract is strictly prohibited by statute as of July 1, 2009" pursuant to the Home Improvement Consumer Protection Act (HICPA), 73 P.S. § 517.1 *et seq.* Defendants' Preliminary Objections to Plaintiff's Complaint, 3/31/2011, at ¶ 4. That statute provides, *inter alia,* that "[n]o home improvement contract shall be valid or enforceable against an owner unless it . . . [i]s in **writing** and legible and contains the home improvement contractor registration number of the performing contractor." 73 P.S. § 517.7(a)(1) (emphasis added). Furthermore, the Dursts asserted that the HICPA also precluded Milroy from collecting on a *quantum meruit* theory for recovery pursuant to 73 P.S. § 517.7(g), which provides that "[n]othing in this section shall preclude a contractor who has complied with subsection (a) from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner if a court determines that it would be inequitable to deny such recovery." 73 P.S. § 517.7(g).

On August 8, 2011, after argument, the trial court overruled the preliminary objection reasoning that "the statute does not speak to prevent recovery in situations, such as here, where a contractor performed services with no written contract and was left completely uncompensated." Trial Court Opinion, 8/8/2011, at 2–3. The Dursts then requested the trial court amend its order to allow an interlocutory appeal by permission pursuant to Pa. R.A.P. 1311(b) and 42 Pa.C.S. § 702(b)[1] because the HICPA "is a new statute with no interpretive precedent." On August 30, 2011, the trial court amended its order with the prescribed language and the Dursts filed a timely petition for permission to appeal to this Court. On December 1, 2011 this Court granted permission to appeal.

On appeal, we consider whether the HICPA precludes lawsuits where home improvement work was conducted, but no written contract exists and the contractor is seeking to recover under a *quantum meruit* theory. We keep in mind our well-settled standard of review on appeal from an order overruling a preliminary objection in the nature of a demurrer.

[O]ur standard of review of an order of the trial court overruling or granting preliminary objections is to determine whether the trial court committed an error of law. When considering the appropriateness of a ruling on preliminary objections, the appellate court must apply the same standard as the trial court.

Preliminary objections in the nature of a demurrer test the legal sufficiency of the complaint. When considering

---

1. That section provides:

When a court or other government unit, in making an interlocutory order in a matter in which its final order would be within the jurisdiction of an appellate court, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the matter, it shall so state in such order. The appellate court may thereupon, in its discretion, permit an appeal to be taken from such interlocutory order.

42 Pa.C.S. § 702(b).

preliminary objections, all material facts set forth in the challenged pleadings are admitted as true, as well as all inferences reasonably deducible therefrom. Preliminary objections which seek the dismissal of a cause of action should be sustained only in cases in which it is clear and free from doubt that the pleader will be unable to prove facts legally sufficient to establish the right to relief. If any doubt exists as to whether a demurrer should be sustained, it should be resolved in favor of overruling the preliminary objections.

*Feingold v. Hendrzak,* 15 A.3d 937, 941 (Pa.Super.2011) (citing *Haun v. Community Health Systems, Inc.,* 14 A.3d 120, 123 (Pa.Super.2011)).

In this case, the Dursts contend that based upon "express statutory language," no recovery is available, even under a *quantum meruit* theory, where there is no written contract. Durst's Brief at 12. The Dursts further allege that if a *quantum meruit* lawsuit is allowed to proceed, "the Act would have no real impact on contractors and their dealings with the home owning public consumers." *Id.* at 12–13. Conversely, Milroy contends that the HICPA is silent regarding a *quantum meruit* theory; therefore, the common law *quantum meruit* theory is still available to permit recovery where work was performed. Milroy's Brief at 5.

 Instantly, there is no question that Milroy's complaint asserts facts that, if true, support a theory of *quantum meruit.* "*Quantum meruit* is an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services." *Am. & Foreign Ins. Co. v. Jerry's Sport Ctr., Inc.,* 606 Pa. 584, 2 A.3d 526, 532 fn. 8 (2010) (citing Black's Law Dictionary (8th ed.2004)).

Where unjust enrichment is found, the law implies a contract, which requires the defendant to pay to the plaintiff the value of the benefit conferred. *Schenck v. K.E. David, Ltd.,* 446 Pa.Super. 94, 666 A.2d 327 (1995). The elements necessary to prove unjust enrichment are:

> (1) benefits conferred on defendant by plaintiff; (2) appreciation of such benefits by defendant; and (3) acceptance and retention of such benefits under such circumstances that it would be inequitable for defendant to retain the benefit without payment of value. (citations omitted). The application of the doctrine depends on the particular factual circumstances of the case at issue. In determining if the doctrine applies, our focus is not on the intention of the parties, but rather on whether the defendant has been unjustly enriched.

*Id.,* 666 A.2d at 328. *Accord Torchia v. Torchia,* 346 Pa.Super. 229, 499 A.2d 581, 582 (1985) ("[t]o sustain a claim of unjust enrichment, a claimant must show that the party against whom recovery is sought either 'wrongfully secured or passively received a benefit that it would be unconscionable for her to retain.' ") (citation omitted).

*Mitchell v. Moore,* 729 A.2d 1200, 1203–04 (Pa.Super.1999).

Here, Milroy's complaint alleges that it conferred a benefit on the Dursts in the form of home improvements, the Dursts accepted and retained at least some of those home improvements, and under the circumstances it would be inequitable for the Dursts to retain the home improvements without compensating Milroy.

Thus, we are left to determine whether the plain language[2] of the HICPA pre-

---

**2.** We are guided by the principles of the Stat-

utory Construction Act, 1 Pa.C.S. § 1501 *et*

cludes lawsuits where, as here, there is no written contract between a contractor and homeowner. We conclude the Dursts' reliance upon the HICPA as a defense in its action is misplaced because Milroy is not pursuing a contract theory; rather, the lawsuit is proceeding on *quantum meruit.*

■ Under the HICPA, in order to maintain a cause of action for home improvement contracts, those contracts must be in writing. *See* 73 P.S. § 517.7(a). However, the HICPA is silent as to actions in quasi-contract, such as unjust enrichment and *quantum meruit*—which, by definition, implicate the fact that, for whatever reason, no written contract existed between the parties.[3] Thus, we hold that quasi-contract theories of recovery survive the HICPA; therefore, the trial court did not err in overruling the preliminary objection in the nature of a demurrer.

Furthermore, we find Milroy's argument that the Dursts' interpretation of this statute leads to an absurd result persuasive. While in this case, there is a dispute about the quality of work Milroy performed, the Dursts' interpretation of the statute would allow them to prevail even if the work was perfect and they simply did not want to pay. *See* 1 Pa.C.S. § 1922(a)(1) ("In ascer-

taining the intention of the General Assembly in the enactment of a statute the following presumptions, among others, may be used … That the General Assembly does not intend a result that is absurd, impossible of execution or unreasonable.").

For the foregoing reasons, we affirm the order of the trial court overruling the Dursts' preliminary objection in the nature of a demurrer.

Order affirmed.

---

*seq.,* which provides

> that the object of interpretation and construction of statutes is to ascertain and effectuate the intention of the General Assembly. The statute's plain language generally offers the best indication of legislative intent. We will resort to other considerations to discern legislative intent only when the words of the statute are not explicit.

*Martin v. Com., Dept. of Trans., Bureau of Driver Licensing,* 588 Pa. 429, 905 A.2d 438, 443 (2006) (citations omitted). Because the plain language of the statute guides our decision, we need not consider the legislative intent. However, we point out that the HICPA "is intended to address the problems of home improvement contractors who take people's money and leave town without doing the

work." Legislative Journal—House (October 7, 2008) (statement of Rep. Marisco) at 2199.

3. In support of its argument that Milroy is not entitled to recovery under *quantum meruit,* the Dursts also point to 73 P.S. § 517.7(g), which provides that "[n]othing in this section shall preclude a contractor who has complied with subsection (a) from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner if a court determines that it would be inequitable to deny such recovery." However, the plain language of the statute refers only to those contractors who have complied with subsection (a), which requires a written contract. Again, the statute does not speak to what happens when there is no written contract.