2022 PA Super 36

| | |
|---|---|
| ARTISAN BUILDERS, INC. | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellant | |
| v. | |
| SO YOUNG JANG | |
| Appellee | No. 47 EDA 2021 |

Appeal from the Order Entered November 17, 2021
In the Court of Common Pleas of Chester County
Civil Division at No: 2016-07178-ML

BEFORE:  BOWES, J., STABILE, J., and MUSMANNO, J.

OPINION BY STABILE, J.:                    **FILED FEBRUARY 28, 2022**

Appellant, Artisan Builders, Inc. ("ABI"), appeals from the November 17, 2020 order entered in the Court of Common Pleas of Chester County in favor of Appellee, So Young Jang ("Jang"), following denial of ABI's *quantum meruit* claims stemming from residential renovation work performed for Jang. Because we find the trial court conflated *quantum meruit* with unjust enrichment and denied ABI's *quantum meruit* claims based on unjust enrichment principles, we reverse and remand.

The trial court provided the following factual background:

ABI entered into a series of agreements with Jang to perform renovations at Jang's residential property located at 222 Lenape Drive, Berwyn, PA, 19312.  ABI is a small, local business based in East Norriton, PA.  The principal of ABI, Scott McClain, has been in the construction business for more than twenty years.

Work on the property began after multiple contracts were signed by Jang on or about February 2, 2016. The scope of work initially contemplated renovation of the kitchen. However, the scope was changed to include additional work throughout the rest of the house, including rehabilitation and renovation of, inter alia, the first and second floor flooring, the master bathroom, baseboards, lighting, crawlspace insulation, replacement of structurally unsound joists, and multiple doors and door frames. The scope of the work would eventually comprise five (5) base contracts and eighteen (18) change orders. **Jang was aware of the work being performed, and all work was performed with the express permission and authority of Jang.**

On or about June 29, 2016, before the work on the house was complete, Jang fired ABI.

On or about January 14, 2020, a trial was held before the Honorable Mark L. Tunnell, at which time both Mr. McClain and Ms. Jang testified.[1] Following the close of ABI's case, on motion by Jang, Judge Tunnell granted a compulsory non-suit on the Mechanic's Lien claim, holding that the contracts between [ABI] and Jang were invalid, as the contracts did not comply with the terms of the Home Improvement and Consumer Protection Act ("HICPA").[2] Judge Tunnell, however, gave ABI leave of court to file an amended complaint to seek damages for *quantum meruit*, and ordered that the trial be continued for the court to determine the reasonable value of the services requested by Jang.

Order, 7/17/20, n.1 at 1-2 (emphasis added; minor alterations made).

Accordingly, ABI filed an amended complaint. However, in the amended complaint, ABI sought damages not only for *quantum meruit* but also for unjust enrichment and breach of contract. Jang filed preliminary objections

---

[1] Ms. Jang testified as on cross-examination during ABI's case-in-chief.

[2] 73 P.S. §517.1-.19. Relevant to the trial court's ruling is Section 517.7.(a), which sets forth thirteen prerequisites to making a home improvement contract valid or enforceable against an owner.

asserting, *inter alia,* that the trial court's January 14, 2020 order permitted ABI to seek damages for *quantum meruit* only. By order entered March 12, 2020, the trial court sustained the preliminary objections filed by Jang with respect to all claims other than *quantum meruit*. Order, 3/12/20.

Trial reconvened on June 10, 2020, at which time "ABI produced over five hundred (500) pages of receipts, time sheets, invoices, documents signed by Jang, emails, and other evidence of the work ABI performed." Order, 7/17/20, n. 1 at 3. ABI asserted it was due $35,371.47 for services provided, based on a QuickBooks report that tracked costs, expenses, and a comparison of the original estimates with the invoices billed out. *Id.* (citing N.T., 6/10/20, at 11). The updated total amount claimed by ABI was $43,525.06, which included the original $35,371.47 sum, as well as $6,537.01 for storage of kitchen cabinets ordered for Jang and sums related to the litigation, including administrative costs for filings fees. *Id.*

After acknowledging the evidence presented at the June 10, 2020 proceeding, the court summarily stated, "But that is not what the court was looking for." *Id.* The court maintained that a defendant found to be unjustly enriched based on an implied contract is to "pay to the plaintiff **the value of the benefit conferred**." *Id.* (citing **Mitchell v. Moore**, 729 A.2d 1200 (Pa. Super. 1999) (emphasis in original)). "However, the plaintiff cannot merely submit its own loss, i.e., the value of labor and materials expended, as the measure of recovery, but must instead demonstrate that the defendant has in

fact been benefitted, as the Supreme Court of Pennsylvania held in 1963, in *Meehan v. Cheltenham Twp.*, 189 A.2d [593] (Pa. 1963)." *Id.*, n.1 at 4. The court determined it "must find in favor of" Jang, concluding:

> Here, although ABI went to considerable trouble to amass all its invoices, estimates, contracts and other such documents in a thick file, this court has no idea of whether there was a benefit to the Jang property and, if so, in what amount. Such a benefit could have been shown by, for example, appraisals secured by knowledgeable individuals. In *D.A. Hill Co.*,[3] the figures were a wash, so no enrichment resulted.

*Id.* The court's order indicated that, "after hearings on January 14, 2020 and June 10, 2020, the court, sitting without a jury, finds in favor of [Jang and against ABI] in no amount." *Id.* at 1.

In response to the trial court's July 17, 2020 ruling, ABI filed post-trial motions. The trial court denied the motions on November 17, 2020, and judgment was entered in Jang's favor. This timely appeal followed. Both ABI and the trial court complied with Pa.R.A.P. 1925.

ABI asks us to consider two issues in this appeal:

A. Did the trial court err when it entered judgment against Appellant ABI and in favor of Appellee Jang after finding that ABI did not prove by a preponderance of the evidence that it was entitled to recover pursuant to *quantum meruit*/unjust enrichment?

B. Did the trial court err when it applied *D.A. Hill Co. v. Clevetrust Realty Investors*, 573 A.2d 1005 (Pa. 1990), and *Meehan v. Cheltenham Township*, 189 A.2d 593 (Pa. 1963) and concluded Appellant ABI did not establish that Appellee

---

[3] *D.A. Hill Co. v. Clevetrust Realty Investors, Inc.*, 573 A.2d 1005 (Pa. 1990)

Jang was benefited by the over One Hundred Thousand ($100,000.00) Dollars of work ABI performed on her house?

Appellant's Brief at 4. Because ABI's issues are interrelated, we consider them together.

As noted above, at the conclusion of proceedings in January 2020, the trial court granted Jang's motion for compulsory nonsuit but permitted ABI to amend its complaint to assert a *quantum meruit* claim. In other words, the only claim that survived the January proceedings was a potential equity claim. Following the June 2020 proceedings, the trial court rejected that equity claim. In **Wilson v. Parker**, 227 A.3d 343 (Pa. Super. 2020), this Court explained:

> When reviewing equitable decrees, our scope of review and standard of review are deferential, but our deference has limits. This Court has said:
>
> > We are bound to accept the trial judge's findings of fact, and accord them the weight of a jury verdict where supported by competent evidence. As for factual and legal conclusions, we are not bound by the trial court's reasoning, and may reverse for an abuse of discretion or error of law.

**Id.** at 352 (quoting **Den-Tal-Ez, Inc. v. Siemens Capital Corp.**, 566 A.2d 1214, 1217 (Pa. 1989) (footnote, brackets, and ellipses omitted)).

To put ABI's issues in context, we first address the difference between *quantum meruit* and unjust enrichment. In **Angino & Rovner v. Jeffrey R. Lessin & Associates**, 131 A.3d 502 (Pa. Super. 2016), this Court explained that "[q]*uantum meruit* is an equitable remedy, which is defined as 'as much as deserved' and measures compensation under an implied contract to pay compensation as reasonable value of services rendered." **Id.** at 508 (Pa.

Super. 2016) (citation and alteration omitted). ***See also Commonwealth***

***Dept. of Public Welfare v. UEC, Inc.***, 397 A.2d 779, 782 (Pa. 1979)

(*quantum meruit* is "the reasonable value of the services performed").

While the remedy of *quantum meruit* provides for restitution based on

the reasonable value of services performed or provided, unjust enrichment

"requires the defendant to pay to the plaintiff the value of the benefit

conferred." ***Durst v. Milroy General Contracting, Inc.***, 52 A.3d 357, 360

(Pa. Super. 2012) (citation omitted). The elements necessary to prove unjust

enrichment are:

> (1) benefits conferred on defendant by plaintiff; (2) appreciation
> of such benefits by defendant; and (3) acceptance and retention
> of such benefits under such circumstances that it would be
> inequitable for defendant to retain the benefit without payment of
> value. (citations omitted). The application of the doctrine depends
> on the particular factual circumstances of the case at issue. In
> determining if the doctrine applies, our focus is not on the
> intention of the parties, but rather on whether the defendant has
> been unjustly enriched.

***Id.*** (citation omitted). In ***Am. & Foreign Ins. Co. v. Jerry's Sport Ctr.,***

***Inc.***, 2 A.3d 526 (Pa. 2010), our Supreme Court noted:

> Unjust enrichment is the retention of a benefit conferred by
> another, without offering compensation, in circumstances where
> compensation is reasonably expected, for which the beneficiary
> must make restitution. Black's Law Dictionary (8th ed. 2004). An
> action based on unjust enrichment is an action which sounds in
> quasi-contract or contract implied in law. ***Schott v.***
> ***Westinghouse Electric Corp.***, 259 A.2d 443, 448 (Pa. 1969).

***Jerry's Sport Ctr.***, 2 A.3d at 531 n.7.[4]

We cite with approval the Supreme Court of Maine that aptly explained the difference between *quantum meruit* and unjust enrichment most concisely when it stated:

> *Quantum meruit* involves recovery for services or materials provided under an implied contract. Unjust enrichment describes recovery for the value of the benefit retained when there is no contractual relationship, but when, on the grounds of fairness and justice, the law compels performance of a legal and moral duty to pay.

***Bowden v. Grindle***, 651 A.2d 347, 350 (Me. 1994) (citations omitted).

Further:

> *Quantum meruit* is the measure of recovery under the quasi-contract. It is equal to the reasonable value of the services provided. The recovery pursuant to a claim for unjust enrichment, on the other hand, is limited to the amount of the benefit realized and retained by the defendant. Although there may be a relationship between these two amounts, they are not necessarily the same.

***Id.*** at 351 (Me. 1994) (citations omitted). Although we are clearly not bound by decisions from our sister states, they may provide persuasive authority.

---

[4] We acknowledge that our case law does not always distinguish *quantum meruit* from unjust enrichment and sometimes conflates the two. ***See, e.g., Northeast Fence & Irons Works v. Murphy Quigley Co.***, 993 A.2d 664, 667 (Pa. Super. 2007) ("Unjust enrichment is a synonym for *quantum meruit*."). ***See also Durst***, 52 A.3d at 360 ("*Quantum meruit* is an equitable remedy to provide restitution for unjust enrichment in the amount of the reasonable value of services."); ***Jerry's Sport Ctr., Inc.***, 2 A.3d at 532 n. 8 (Pa. 2010) (citing Black's Law Dictionary (8th ed. 2004) (same).

***Century Indemnity Company v. OneBeacon Insurance Company***, 173 A.3d 784, 792 n. 14 (Pa. Super. 2017).

Instantly, the trial court held that the contract between the parties was not valid due to non-compliance with HICPA. Appellant correctly pursued a cause of action sounding in *quantum meruit* as illustrated by precedent.

In ***Durst***, as in the case before us, homeowners who requested renovations to their home refused to pay the contractor. There, the work was performed pursuant to an oral agreement, meaning there was no HICPA-compliant contract. The Court held that the lack of a HICPA-compliant written contract did not prevent the contractor from pursuing a *quantum meruit* claim. ***Id.*** at 361 ("we hold that quasi-contract theories of recovery survive the HICPA").

Similarly, in ***Shafer Elec. & Constr. v. Mantia***, 96 A.3d 989 (Pa. 2014), homeowners refused to pay the contractor they hired to build an addition to their home. Our Supreme Court held that HICPA did not preclude a contractor from recovering in *quantum meruit* in the absence of an enforceable contract as defined by HICPA. ***Id.*** at 996. The Court explained:

> [I]t is well-settled at common law, however, that a party shall not be barred from bringing an action based in *quantum meruit* when one sounding in breach of express contract is not available. While the General Assembly, in its role as the policy-making branch of government, certainly may in "particular sets of circumstances" modify the structure of the common law, there is no indication that the legislature has done so in the Act. Indeed, the Act "is silent as to actions in quasi-contract, such as unjust enrichment and *quantum meruit*—which, by definition, implicate the fact that,

for whatever reason, *no [valid] contract existed between the parties.*"  **Durst**, 52 A.3d at 361 (emphasis added).

**Shafer**, 96 A.3d at 996 (citations omitted).  The Court noted:

> Otherwise, this Court would sanction the ability for homeowners to refuse payment of perfect construction work solely because a contractor did not comply with the Section 517.7(a) requirements. **Accord Durst**, 52 A.3d at 361 (holding that Appellants' "interpretation of the statute would allow them to prevail even if the work was perfect and they simply did not want to pay."). Presumably, however, Section 517.7(g) could apply if subsection (a) is met, but the contract is otherwise unenforceable.

***Id.*** at 996 n.6.[5]

Here, the trial court properly concluded that ABI did not comply with Section 517.7(a) and, therefore, was not entitled to prevail on a breach of contract claim because there was no valid contract between ABI and Jang. The court properly permitted ABI to file an amended complaint asserting a claim for *quantum meruit* and invited ABI to provide evidence to support that claim at the June 10, 2020 reconvened hearing.  However, rather than analyze the evidence presented by ABI based on *quantum meruit'*s "reasonable value of services provided" standard, the court analyzed ABI's evidence using "the benefit conferred" criteria appropriately employed to establish a claim of unjust enrichment.  In doing so, the court erred.

---

[5] Section 517.7(g) (Contractor's recovery right) provides, "Nothing in this section shall preclude a contractor who has complied with subsection (a) from the recovery of payment for work performed based on the reasonable value of services which were requested by the owner if a court determines that it would be inequitable to deny such recovery."  73 P.S. § 517.7(g).

As reflected in the above quotes from *Angino & Rovner* and *Durst*, a cause of action for *quantum meruit* is an equitable action providing restitution in the amount of the reasonable value of services rendered. Nevertheless, the trial court, relying on *D.A. Hill* and *Meehan*, rejected ABI's *quantum meruit* claim because a "plaintiff cannot merely submit its own loss, *i.e.*, the value of labor and materials expended, as the measure of recovery, but must instead demonstrate that the defendant has in fact been benefitted, as the Supreme Court of Pennsylvania held in 1963, in *Meehan v. Cheltenham Twp.*, 189 A.2d [593] (Pa. 1963)." Trial Court Order, 7/17/20, n.1 at 4. The court concluded that it had "no idea of whether there was a benefit to the Jang property and, if so, in what amount. Such a benefit could have been shown by, for example, appraisals secured by knowledgeable individuals." *Id.* (citing *D.A. Hill, supra*).

We find the trial court's reliance on *D.A. Hill* and *Meehan* misplaced. Initially, we note that *D.A. Hill* and *Meehan* are factually distinguishable. As ABI correctly observed:

> The critical distinction between the *Meehan* and *Hill* matters and the matter at hand is that in *Meehan* and *Hill* the defendants did not request the work that plaintiffs performed. Rather, the defendants were entit[ies] that became responsible for unfinished projects after the developers became insolvent; in *Meehan*, Cheltenham Township became responsible for a residential development after the developer became insolvent, and in *D.A. Hill*, a bank took over a project for an insolvent developer. Following those insolvencies, subcontractors sued the Township and bank, respectively, for unpaid invoices. In that situation, the Supreme Court held that appraisals were required to establish the

benefit to the defendants for purposes of payment, because the defendants did not request or contract for the services performed.

In this matter, there is no need to have an appraiser or any other witness come to testify [as] to the degree to which the work performed by ABI benefited Jang because *Jang herself requested that the work be done.*

Appellant's Brief at 15-16 (emphasis in original). The Supreme Court recognized the distinction in **D.A. Hill**, noting, "As this Court held in **Meehan**, a third party is not *unjustly* enriched when it receives a benefit from a contract between two other parties where the party benefited has not requested the benefit or misled the other parties." **D.A. Hill**, 573 A.2d at 1010 (emphasis in original).[6]

ABI asserts, and we agree, that the case before us is distinguishable from **D.A. Hill** and **Meehan**. ABI contends that this case "is most closely aligned with [**Northeast**] **Fence & Iron Works, Inc. v. Murphy Quigley Co.**, 933 A.2d 664 (Pa. Super. 2007)[,] a *quantum meruit* action by subcontractor against general contractor (which requested the services) for unpaid work," in which the trial court determined that the subcontractor's invoices provided sufficient evidentiary support for the value of the work performed at the contractor's request. Appellant's Brief at 36. In **Northeast**

_____

[6] We note that **Ira G. Steffy & Son, Inc. v. Citizens Bank of Pennsylvania**, 7 A.3d 278 (Pa. Super. 2010), quoted and relied upon by the trial court in its Rule 1925(a) Opinion, **see** Rule 1925 Opinion, 1/11/21, at 3 (unnumbered), is also a case involving a third-party claim and is, therefore, distinguishable from the case before us.

- 11 -

*Fence*, this Court rejected the appellant's reliance on, *inter alia*, *D.A. Hill* and *Meehan* for the proposition that to recover for *quantum meruit*, it was insufficient for Northeast Fence to produce unpaid invoices. This Court recognized that Northeast Fence provided services at the request of Murphy Quigley, which was trying to avoid paying Northeast Fence for the services provided. *Id.* at 670 ("Unlike the factual scenarios at issue in *D.A. Hill Co., Meehan,* and *Ravin*[7], [Murphy Quigley] recruited [Northeast Fence] to install the fencing.")

In *Shafer Elec.*, our Supreme Court held that "a contractor claiming *quantum meruit* may only recover the reasonable value of the services rendered, as determined by a trial court after taking evidence on the matter." *Shafer Elec.*, 96 A.3d at 995. Despite the evidence presented at the June 2020 hearing—after the trial court continued the January 2020 proceeding to enable the court "to determine the reasonable value of the services requested by Jang," Order, 7/17/20, n.1. at 2, the trial court nevertheless relied on *D.A. Hill* and *Meehan* and concluded that ABI's documentary evidence, including invoices, could not establish the reasonable value of the services provided.

---

[7] *Ruthrauff, Inc. v. Ravin, Inc.*, 914 A.2d 880 (Pa. Super. 2006). In *Northeast Fence*, we recognized that "*Ravin* is analogous to *Meehan.* Therein, the plaintiff sought to recover for improvements to a retail space. We concluded that the plaintiff could not recover since the defendant, the building owner, had not requested the plaintiff's services and had not misled the plaintiff and therefore was not enriched unjustly." *Northeast Fence*, 933 A.2d at 670.

As reflected in its Rule 1925(a) Opinion, the trial court rejected ABI's assertion that facts of the instant case are distinguishable from the factual scenarios in **D.A. Hill**. Rule 1925(a) Opinion, 1/11/21, at 2. Instead, the trial court concluded that the requirements for establishing a claim for unjust enrichment outlined in **D.A. Hill** and **Meehan** were "recently reiterated" in **Karden Construction Services v. D'Amico**, 219 A.3d 619 (Pa. Super 2019). **Id.** The trial court's reliance on **Karden** is misplaced for two reasons. First, **Karden** involved the remedy for unjust enrichment rather than for *quantum meruit*. Second, as ABI contends, **Karden** is distinguishable because it was not a construction case and, moreover, because the trial court determined that the appellant lacked credibility. Although this Court affirmed the trial court's denial of recovery in **Karden**, ABI argues, it did so "because it refused to disturb the trial court's determination of appellant's credibility . . . because the trial court didn't believe appellant, and there was substantial evidence presented by appellee disputing appellant's testimony." Appellant's Brief at 41-42 (some capitalization omitted).

As ABI recognizes, unlike **Karden**, here there was no opposing testimony at trial as to the contracts and change orders signed or initialed by Jang, and there was no evidence ABI did not perform services for which it sought payment. Rather, Jang acknowledged that she agreed to pay for the services she requested and that she approved the services performed. **Id.** at 43.

Because *quantum meruit* damages are determined based on services provided, we find that the trial court committed error of law when it concluded recovery must be measured by the benefit to Jang. Further, we find the court erred when it determined that **D.A. Hill** and **Meehan** controlled and that ABI "cannot submit its own loss, i.e., the value of labor and material expended, as the measure of recovery." Order, 7/17/20, n.1 at 4. We reject the proposition that, without something akin to an appraisal, the trial court could have "no idea of whether there was a benefit to the Jang property and, if so, in what amount." Order, 7/17/20, n.1 at 4. Benefit to the Jang property is not at issue because the claim was not one for unjust enrichment. However, while ABI asks us to accept wholesale its contention that its unpaid invoices, along with costs of storing cabinets and costs of litigation, constitute the proper measure of damages, it is not this Court's role to determine the reasonable value of the services provided by ABI. Therefore, we remand to the trial court to determine the reasonable value of the services based on the evidence presented at the January and June 2020 proceedings, and to convene an additional hearing if it deems it necessary to do so.

Order reversed. Case remanded for further proceedings in accordance with this Opinion. Jurisdiction relinquished.

Judge Musmanno joins.

Judge Bowes files a concurring opinion in which Judge Stabile joins.

This decision was reached prior to the retirement of Judge Musmanno.

- 14 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/28/2022