J-A10025-23

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT OP 65.37**

| | | |
|---|---|---|
| DAVID HATCHIGIAN | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| v. | : | |
| | : | |
| ABCO, EMERSON CLIMATE | : | |
| TECHNOLOGIES, CHASE BANK, USA, | : | |
| N.A. | : | |
| | : | |
| Appellees | : | No. 1358 EDA 2022 |

Appeal from the Order Entered May 18, 2022
In the Court of Common Pleas of Philadelphia County
Civil Division at No(s): 180400158

BEFORE:   PANELLA, P.J., KING, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY KING, J.:                    **FILED OCTOBER 24, 2023**

Appellant, David Hatchigian, appeals *pro se* from the order entered in the Philadelphia County Court of Common Pleas, granting summary judgment in favor of Appellees ABCO and Emerson Climate Technologies.  We affirm.

The relevant facts and procedural history of this case are as follows.  On May 4, 2017, Appellant purchased from ABCO a new compressor for the air conditioning unit in his duplex.  Appellant purchased the compressor with a credit card issued by JP Morgan Chase ("Chase").  Appellant subsequently hired a plumber and rented a scissor lift so that he and the plumber could install the compressor.  After installation, Appellant started the air conditioning

_____

[*] Former Justice specially assigned to the Superior Court.

unit and the compressor failed, tripping a circuit breaker which could not be reset. Appellant returned the compressor to ABCO and was provided a second compressor. Appellant and the plumber then installed the second compressor, which also failed, again tripping a circuit breaker which could not be reset.

Appellant contacted ABCO, who referred him to Emerson Climate Technologies ("Emerson"), the manufacturer of the compressor. Emerson provided another compressor ("the third compressor"), which Appellant and the plumber installed. This third compressor worked upon installation and continued to work as of the date of Appellant's deposition.

When Appellant received each compressor from ABCO, he received a receipt that contained the following language: "ALL SALES ARE SUBJECT TO AND EXPRESSLY CONDITIONED UPON ABCO'S STANDARD TERMS AND CONDITIONS OF SALE & WARRANTY AS SET FORTH AT WWW.ABCOHVACR.COM." (Amended Complaint at Ex. C). ABCO's Terms and Conditions of Sale and Warranty provided, in relevant part, "ABCO extends to the Purchaser and/or End-User all warranties, if any, granted by the manufacturer.… No warranty of merchantability or fitness, and no other warranties or representations, express or implied, are made by ABCO with respect to any product." (***Id.*** at Ex. I, ¶14). The Terms and Conditions specifically excluded the purchaser's ability to recover consequential damages, stating: "ABCO **shall not be responsible for any labor charges or consequential damages due to defects therein**." (***Id.***) (emphasis added).

The Terms and Conditions further stated: "ABCO shall in no event be responsible in contract or in tort, or otherwise, for loss or damages sustained as a result of the use of the product, loss of profit or revenues, or any other indirect, incidental, special, punitive, exemplary, or consequential loss or damage, arising from any cause whatsoever." (*Id.* at ¶18).

Emerson's Terms and Conditions of Sale also provided a limited warranty stating that the compressor was free from defects and limiting the purchaser's remedy for a breach of the warranty to "repair, replacement, credit or refund of the purchase price." (Amended Complaint at Ex. G, ¶7). Emerson's Terms and Conditions specifically disclaimed any implied warranties and excluded recovery for consequential damages. (*Id.* at ¶¶6, 8).

The parties agree that neither ABCO nor Emerson charged Appellant any fees for the second or third compressor. However, Appellant incurred approximately $3,000.00 in costs related to installation of the compressors, which included renting the scissor lift, hiring the plumber, and purchasing supplies. Appellant sought reimbursement of these costs from both ABCO and Chase, but neither provided the requested reimbursement.

On January 23, 2018, Appellant filed the instant action in Philadelphia Municipal Court to recover the costs of installing the second and third compressors. After the Municipal Court ruled in favor of defendants, Appellant appealed to the Court of Common Pleas on April 1, 2018. Appellant filed his initial complaint on August 31, 2018, and filed an amended complaint on

- 3 -

November 30, 2018, against ABCO, Emerson, and Chase. The amended complaint asserted a breach of written product warranty and breach of implied warranty claims against ABCO; violation of the federal Magnuson-Moss Warranty Act[1] claim against all defendants; breach of contract claim against Chase; unjust enrichment claim against all defendants; Truth in Lending Act ("TILA") Regulation Z, and other cardholder laws against Chase; violation of the Uniform Commercial Code ("UCC") Article 2 against all defendants; violation of the Unfair Trade Practices and Consumer Protection Law ("UTPCPL") against all defendants; and negligence with negligent design against Emerson. The case proceeded to compulsory arbitration, and on May 22, 2019, an arbitration panel found in favor of defendants. On June 28, 2019, Appellant appealed the arbitration award to the Court of Common Pleas.

After a lengthy discovery and motion practice,[2] all parties filed motions for summary judgment.[3] On March 9, 2020, the trial court denied Chase's

_____

[1] **See** Magnuson-Moss Warranty—Federal Trade Commission Improvement Act, Pub. L. No. 93-637, 88 Stat. 2183 (1975) (codified at 15 U.S.C. §§ 2301-2312).

[2] During this time, the trial court twice issued revised case management orders to extend the time for discovery.

[3] ABCO filed its motion for summary judgment on January 7, 2020. Chase filed its motion for summary judgment on January 28, 2020. Appellant filed his motion for summary judgment on January 30, 2020, and Emerson filed its motion for summary judgment on February 3, 2020. On February 6, 2020, Emerson and Chase entered into a join stipulation wherein Emerson dismissed all cross-claims against Chase.

motion for summary judgment as to Appellant's claim. On May 4, 2020, the trial court entered orders denying Appellant's motion for summary judgment; granting ABCO's motion for summary judgment and dismissing all of Appellant's claims against ABCO; granting Emerson's motion for summary judgment and dismissing all of Appellant's claims against Emerson; and granting summary judgment in favor of Chase on Emerson's cross-claims. Appellant filed an immediate appeal, which this Court quashed as interlocutory.[4] On May 11, 2022, Appellant and Chase stipulated to dismiss all remaining claims.

On May 18, 2022, Appellant filed the instant notice of appeal seeking review of the court's May 4, 2020 orders. Appellant complied with the trial court's Pa.R.A.P. 1925(b) order and on June 13, 2022, he filed three concise statements of errors, one for each order from which he appeals.

Appellant raises the following sixteen issues on appeal:

> I. Based on seller's failure to pay for successive replacements of the units due to epidemic failures occurring with the relevant warranty period of units bearing the same manufacturing defect, was summary judgment proper irrespective of the working unit ultimately provided, or should the court have awarded Breach of Warranty damages to [Appellant]?
>
> II. Did the trial court prematurely deny summary judgment

---

[4] As noted, the court had previously denied Chase's motion for summary judgment as to Appellant's claims, and those claims remained. Therefore, when Appellant filed his initial notice of appeal, this Court quashed the appeal as interlocutory. *See Hatchigian v. ABCO*, No. 1412 EDA 2020 (Pa.Super. filed Aug. 3, 2021).

on [Appellant's] Magnuson Moss Warranty Act claim against ABCO?

III. Even without re-deposing ABCO, was [Appellant] entitled to summary judgment in his favor based on the documentary evidence alone?

IV. Did the [UCC] require ABCO to craft a remedy that restored the original bargain for a functioning compressor?

V. Were Unjust Enrichment damages due on Count Five based on the documentary evidence of Defendants' breach of the written warranties?

VI. Was it a deceptive business practice to represent free replacements under the Terms of Sale when Seller had notice of the manufacturing defect in the 2-ton HVAC compressor?

VII. Was Magnuson Moss Warranty Act claim against the manufacturer (Emerson) prematurely dismissed absent first [deposing] seller ABCO?

VIII. Even without re-deposing the seller, did the documentary evidence attached to the Complaint support damages for breach of the Warranty of fitness/merchantability?

IX. Was restitution required under the U.C.C. in the event the remedy provided did not restore the purchaser's original bargain for a working compressor?

X. Regardless of the discovery withheld by the seller's [corporate representative], was it error to grant Emerson summary judgment as to Negligent Design?

XI. Was [Appellant] entitled to summary judgment on his alternative count for Unjust Enrichment (Count Five), based on failure to pay for successive replacements of the units due to epidemic failures from the same manufacturing defect occurring within the relevant warranty period?

XII. Was summary judgment [proper] on [Appellant's] consumer protection law claim against Emerson?

XIII. Was summary judgment proper as to Breach of Warranty damages irrespective of the working unit ultimately provided to buyer [Appellant], or should the court have awarded reimbursement based on epidemic occurrences of the known manufacturing defect within the relevant warranty period?

XIV. Did the trial court prematurely deny summary judgment on [Appellant's] Magnuson Moss Warranty Act claim?

XV. Even without re-deposing ABCO, should the court have awarded damages as a matter of law for breach of the implied warranty of fitness or merchantability/Fitness based on the documents attached to [Appellant's] complaint?

XVI. Was [Appellant] entitled to [be] made whole/restitution under the U.C.C. where the seller's remedy failed to restore his original bargain for a working compressor?

(Appellant's Brief at 6-9).

Our standard of review of an order granting summary judgment requires us to determine whether the trial court abused its discretion or committed an error of law. *Mee v. Safeco Ins. Co. of Am.*, 908 A.2d 344, 347 (Pa.Super. 2006).

Judicial discretion requires action in conformity with law on facts and circumstances before the trial court after hearing and consideration. Consequently, the court abuses its discretion if, in resolving the issue for decision, it misapplies the law or exercises its discretion in a manner lacking reason. Similarly, the trial court abuses its discretion if it does not follow legal procedure.

*Miller v. Sacred Heart Hosp.*, 753 A.2d 829, 832 (Pa.Super. 2000) (internal citations omitted). Our scope of review is plenary. *Pappas v. Asbel*, 564 Pa. 407, 418, 768 A.2d 1089, 1095 (2001), *cert. denied*, 536 U.S. 938, 122 S.Ct.

2618, 153 L.Ed.2d 802 (2002). In reviewing a trial court's grant of summary

judgment:

> [W]e apply the same standard as the trial court, reviewing all the evidence of record to determine whether there exists a genuine issue of material fact. We view the record in the light most favorable to the non-moving party, and all doubts as to the existence of a genuine issue of material fact must be resolved against the moving party. Only where there is no genuine issue as to any material fact and it is clear that the moving party is entitled to a judgment as a matter of law will summary judgment be entered. All doubts as to the existence of a genuine issue of a material fact must be resolved against the moving party.
>
> Motions for summary judgment necessarily and directly implicate the plaintiff's proof of the elements of [a] cause of action. Summary judgment is proper if, after the completion of discovery relevant to the motion, including the production of expert reports, an adverse party who will bear the burden of proof at trial has failed to produce evidence of facts essential to the cause of action or defense which in a jury trial would require the issues to be submitted to a jury. In other words, whenever there is no genuine issue of any material fact as to a necessary element of the cause of action or defense, which could be established by additional discovery or expert report and the moving party is entitled to judgment as a matter of law, summary judgment is appropriate. Thus, a record that supports summary judgment either (1) shows the material facts are undisputed or (2) contains insufficient evidence of facts to make out a *prima facie* cause of action or defense.
>
> Upon appellate review, we are not bound by the trial court's conclusions of law, but may reach our own conclusions.

*Chenot v. A.P. Green Services, Inc.*, 895 A.2d 55, 61 (Pa.Super. 2006)

(internal citations and quotation marks omitted).

In his first and fourth issues, which we discuss together for purposes of

disposition, Appellant argues that he purchased the compressor because of

ABCO's promise of free replacements, and his belief that he would not incur extra costs to receive a working unit. Appellant asserts that there exists a material ambiguity on the record concerning the scope of the limitation on liability in the event the initial compressor failed. Additionally, Appellant challenges the limitation of remedy clause which barred him from recovering consequential damages under his breach of warranty claim. Specifically, Appellant insists that the limitation was not authorized under the UCC because limiting consequential damages caused the warranty to fail its essential purpose and was an unconscionable limitation. Therefore, Appellant concludes that summary judgment was improper concerning his breach of warranty claims. We disagree.

Pennsylvania law permits contracting parties to limit the damages recoverable in the event of breach as long as such limitations do not cause a warranty to fail its essential purpose, and the limitations are not unconscionable. *Metalized Ceramics for Electronics, Inc. v. National Ammonia Co.*, 663 A.2d 762 (Pa.Super. 1995). *See also* 13 Pa.C.S.A. § 2719(a)-(c). Specifically, Section 2719(b) of the UCC states: "**(b) Exclusive remedy failing in purpose.**—Where circumstances cause an exclusive or limited remedy to fail of its essential purpose, remedy may be had as provided in this title." 13 Pa.C.S.A. § 2719(b). This Court has explained that situations where an exclusive remedy will fail of its essential purpose are rare:

> There are probably relatively few situations where a remedy can fail of its essential purpose. Section 2–719(2) [Section

2719(b)] has been called into action most often in cases ... when the exclusive remedy involves replacement or repair of defective parts, and the seller because of his negligence in repair or because the goods are beyond repair, is unable to put the goods in warranted condition. Section 2–719(2) might also apply when the exclusive remedy requires performance of an act by the buyer that is precluded by the seller's breach.

*New York State Elec. & Gas Corp. v. Westinghouse Elec. Corp.*, 564 A.2d 919, 929 (Pa.Super. 1989) (internal citation omitted). "Section 2719(b) has most frequently been applied to defeat an exclusive remedy provision where the provision limited the buyer's remedy to repair or replacement and the seller either refuses or is unable to provide this remedy within a reasonable time." *Id.*

Consequential damages are other damages which naturally and proximately flow from a breach of contract. *Cresci Const. Services, Inc. v. Martin*, 64 A.3d 254, 265 n.15 (Pa.Super. 2013). Under the UCC, "[c]onsequential damages may be limited or excluded unless the limitation or exclusion is unconscionable. Limitation of consequential damages for injury to the person in the case of consumer goods is *prima facie* unconscionable but limitation of damages where the loss is commercial is not." 13 Pa.C.S.A. § 2719(c).

In determining whether a clause is unconscionable, the court should consider whether, in light of the general commercial background and the commercial needs of a particular trade, the clause is so one-sided that it is unconscionable under the circumstances. The burden of proof lies with the party who alleges unconscionability. In commercial settings, a limitation of damages clause will

- 10 -

rarely be found unconscionable.

**Borden, Inc. v. Advent Ink Co.**, 701 A.2d 255, 264 (Pa.Super. 1997) (citations omitted). "Moreover, it is settled law that mere unequal bargaining power between the parties to a contract does not render the contract, or a provision thereof, unconscionable." **Id.**

Instantly, the trial court explained:

> The plain language of…ABCO's warranty and Emerson's warranty provided that in the event of a defect, [Appellant] was entitled to 1) have the compressor repaired by ABCO and/or Emerson, 2) receive a replacement compressor free of charge, 3) a credit in the amount of the cost of the compressor, or 4) a refund. It is undisputed ABCO did not charge [Appellant] any fees when it provided him the…replacement compressor or the [second] replacement compressor. Since ABCO provided [Appellant] with a working compressor and did not charge [Appellant] any fees for the provision of the working compressor, ABCO fulfilled its obligations under the warranties.
>
> Nevertheless, [Appellant] argued he was entitled to recover his installation costs for two reasons. First [Appellant] argued the costs he seeks to recover are direct damages, not consequential damages. Second, [Appellant] argued that if the costs are considered consequential damages, the warranties' disclaimer of consequential damages is unconscionable. Neither of [Appellant's] arguments is supported by the law or the facts.

(Trial Court Opinion, filed 8/8/22, at 8-9) (record citations omitted). The trial court then explained that the installation costs constituted consequential damages because they were costs that the manufacturer and seller would reasonably expect the purchaser to incur, and some costs, including the fees paid to the plumber and to rent the scissor lift were consequential damages

as a matter of law. (*Id.* at 9).

Thereafter, the court turned to Appellant's claim concerning the limitation of damages clause. The court found that the limitation of damages clause was neither procedurally nor substantively unconscionable. Concerning substantive unconscionability, the court explained that "[Appellant] has not been left without **any** remedy; rather, the clause at issue only prevents the recovery of consequential damages above and beyond the cost of the compressor." (*Id.* at 12) (emphasis in original). The court observed that it was not unreasonable for ABCO to limit the "potentially staggering monetary liability" for consequential damages which could result from an otherwise routine sale. (*Id.*) (citation omitted). Further, the court noted that Appellant "is not an unsophisticated consumer who has been taken advantage of by ABCO. He is a union electrician with more than 40 years of experience working, and purchasing supplies for use, in the construction trades." (*Id.* at 13).

Ultimately, the court found that ABCO's warranty provided Appellant with a complete remedy and that ABCO's disclaimer of consequential damages did not rise to the level of substantive unconscionability. Therefore, the court concluded that "ABCO fulfilled its warranty obligations when it provided [Appellant] the second…compressor and third…compressor free of charge" and entered summary judgment in favor of ABCO and against Appellant on Appellant's breach of warranty claims. (*Id.*)

We agree with the trial court that Appellant is not entitled to relief. Under the terms of ABCO's warranty, Appellant was entitled to 1) have the compressor repaired by ABCO and/or Emerson, 2) receive a replacement compressor free of charge, 3) obtain a credit in the amount of the cost of the compressor, or 4) receive a refund. Appellant has not demonstrated that any of these options were unavailable to him. Although he argues that neither ABCO nor Emerson could provide a working unit, the record belies this claim. Appellant was ultimately provided a replacement working unit. Consequently, the warranty did not fail in its essential purpose. **See New York State Elec. & Gas Corp., supra**.

Regarding Appellant's claim for consequential damages, Appellant makes only a general argument that the clause limiting consequential damages was unconscionable. He summarily suggests that because he was not reimbursed for his out-of-pocket costs, the clause deprived him of the value of his bargain. However, the UCC specifically permits clauses to contracts which limit consequential damages. **See** 13 Pa.C.S.A. § 2719(c). Further, as noted by the trial court, Appellant has substantial experience in purchasing equipment of use in the construction trades. The record does not support Appellant's contention that "the clause is so one-sided that it is unconscionable under the circumstances." **See Borden, supra**. As such, the trial court did not err when it granted summary judgment in favor of ABCO on Appellant's breach of warranty claims. Accordingly, Appellant's first and

fourth issues merit no relief.

In his second issue, Appellant claims that the trial court erred in granting summary judgment concerning his Magnuson-Moss Warranty Act claims without giving Appellant a chance to conduct an additional deposition of ABCO's corporate representative. We disagree that relief is due.

"[O]n review of an order concerning discovery, an appellate court applies an abuse of discretion standard." **Anthony Biddle Contractors, Inc. v. Preet Allied Am. St., LP**, 28 A.3d 916, 922 (Pa.Super. 2011) (quoting **Lockley v. CSX Transp. Inc.**, 5 A.3d 383, 388 (Pa.Super. 2010), *appeal denied*, 613 Pa. 668, 34 A.3d 831 (2011)). "An abuse of discretion is not merely an error of judgment, but if in reaching a conclusion the law is overridden or misapplied, or the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill-will, as shown by the evidence or the record, discretion is abused." **Geise v. Nationwide Life and Annuity Co. of America**, 939 A.2d 409, 417 (Pa.Super. 2007) (internal citation omitted). "In Pennsylvania, parties must be given reasonable time to complete discovery before a trial court entertains any motion for summary judgment[.]" **Anthony Biddle Contractors, supra** at 928 (internal citation, quotation marks, and emphasis omitted).

Here, the trial court did not rule on the motions for summary judgment until after allowing the parties a lengthy discovery period, during which the court twice extended the time for discovery at Appellant's request. (**See**

Revised Case Management Orders dated 10/11/19, 11/19/19). Further, the record shows that the trial court held a hearing on Appellant's request to conduct an additional deposition of ABCO's corporate representative, at which time the court considered Appellant's request, and the concerns that Appellant had with the prior deposition. (**See** N.T. Hearing, 1/2/20, at 4-16). Essentially, Appellant complained at the hearing that he was unable to elicit the testimony he wanted from the ABCO representative, but after reviewing all objections made by ABCO's counsel at the deposition, the court confirmed all objections were properly sustained.[5] (**Id.** at 25-40). Ultimately, the court decided that Appellant had a fair opportunity to depose ABCO's representative, and he was simply trying to get the proverbial second bite at the apple because the witness did not testify as Appellant had hoped. Consequently, the court denied Appellant another chance to depose ABCO's corporate representative. (**Id.** at 40).

Under these circumstances, we conclude that the parties were given reasonable time to complete discovery, and the trial court did not abuse its discretion in denying Appellant's request for an additional deposition of ABCO's corporate representative. **See Anthony Biddle Contractors, supra**. Therefore, Appellant's second issue merits no relief.

In his third issue, Appellant argues that based on the proof attached to

---

[5] Appellant does not challenge on appeal any specific ruling made by the court on any objection during the deposition for ABCO's representative.

his complaint, the facts were sufficient to award Appellant his out-of-pocket costs. This claim is waived.

Notably, an appellant's *pro se* status does not relieve him of the duty to follow the Rules of Appellate Procedure. ***Jiricko v. Geico Ins. Co.***, 947 A.2d 206, 213 n.11 (Pa.Super. 2008). Rule 2119(a) of the Pennsylvania Rules of Appellate Procedure provides:

> **(a) General rule.** The argument shall be divided into as many parts as there are questions to be argued; and shall have at the head of each part—in distinctive type or in type distinctively displayed—the particular point treated therein, followed by such discussion and citation of authorities as are deemed pertinent.

Pa.R.A.P. 2119(a). Additionally, Rule 2101 makes clear:

> **Rule 2101. Conformance with Requirements**
>
> Briefs and reproduced records shall conform in all material respects with the requirements of these rules as nearly as the circumstances of the particular case will admit, otherwise they may be suppressed, and, if the defects are in the brief or reproduced record of the appellant and are substantial, the appeal or other matter may be quashed or dismissed.

Pa.R.A.P. 2101.

"The argument portion of a brief must include pertinent discussion of the point raised as well as citations to relevant authority. This Court will not consider the merits of an argument which fails to cite relevant case or statutory authority." ***Iron Age Corp. v. Dvorak***, 880 A.2d 657, 665 (Pa.Super. 2005) (citations omitted). "Failure to cite relevant legal authority constitutes waiver of the claim on appeal." ***Eichman v. McKeon***, 824 A.2d

305 (Pa.Super. 2003), *appeal denied*, 576 Pa. 712, 839 A.2d 352 (2003).

Instantly, Appellant's argument on his third issue consists of one sentence, without citation to the record or a discussion of pertinent supporting caselaw. Appellant cites to only one case, without any development of the issue in a manner capable of review. Accordingly, this issue is waived. **See Iron Age Corp., supra**; **Eichman, supra**; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a).

In his fifth and eleventh issues, Appellant claims that he is entitled to reimbursement of his out-of-pocket expenses under the theory of unjust enrichment because Appellees were enriched at his expense.[6] We disagree that relief is due.

To establish a claim of unjust enrichment, a plaintiff must show some benefit conferred on defendants by the plaintiff, appreciation of such benefits by defendants, and acceptance and retention of such benefits under circumstances where it would be inequitable for defendants to retain the particular benefit without payment of value. **Durst v. Milroy Gen. Contracting, Inc.**, 52 A.3d 357, 360 (Pa.Super. 2012).

Here, Appellant has not established or even alleged that he conferred some benefit on Appellees, which they retained without payment of value.

---

[6] These issues are also arguably waived based on Appellant's failure to develop these arguments with citation to and discussion of pertinent authority. **See Iron Age Corp., supra**; **Eichman, supra**; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a).

Appellant paid for a working compressor, and he ultimately received a working compressor. There is no evidence to support his claim that ABCO or Emerson were enriched at Appellant's expense. ***See id.*** Therefore, the court did not err in granting summary judgment in favor of Appellees on his claim of unjust enrichment. ***See Chenot, supra***. Appellant's fifth and eleventh issues are meritless.

In his sixth issue, Appellant argues the trial court erred in granting summary judgment in favor of Appellees on his claims of violations of the UCC based on alleged deceptive business practices. The crux of his argument is the same argument that he has presented throughout other issues, namely, that Appellant expected reimbursement of all costs in the event of a failed compressor, including the ancillary costs he incurred. We disagree that relief is due.

We reiterate that the warranty at issue in this case excluded recovery of consequential damages, as is permitted under the UCC. ***See*** 13 Pa.C.S.A. § 2719(a)-(c). Here, Appellees supplied Appellant with replacement compressors. Although they did not reimburse the installation costs Appellant incurred while installing the replacement compressors, the terms and conditions of sale were clear that the warranties excluded recovery of consequential damages. Therefore, the trial court did not err in granting summary judgment in favor of Appellees on Appellant's claim of a violation of the UCC. ***See Chenot, supra***. Appellant's sixth issue is meritless.

In his seventh issue, Appellant claims that the trial court erred in entering summary judgment in favor of Emerson with respect to Appellant's Magnuson-Moss Warranty Act claim. However, aside from baldly stating that the trial court erred (in the heading of his brief), Appellant's discussion contains no relevant argument concerning the facts of the instant case. Accordingly, Appellant has waived this issue. *See Iron Age Corp., supra*; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a).

Regarding issues eight and nine, Appellant has not included any discussion with respect to these claims, but rather states "See IV, supra." (Appellant's Brief at 25). As such, these issues are waived. *See Iron Age Corp., supra*; *Eichman, supra*; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a).

In his tenth issue, Appellant claims that Emerson was not entitled to summary judgment on his claim of negligent design. Once again, aside from one conclusory sentence without citation to any caselaw or statutory authority, Appellant has not developed this argument in his brief. Thus, it is waived. *See Iron Age Corp., supra*; *Eichman, supra*; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a).

In his twelfth and thirteenth issues,[7] Appellant argues that the court erred in granting summary judgment in favor of Emerson on his claim of a

---

[7] In his thirteenth issue, Appellant has failed to cite to any authority. Thus, his thirteenth issue is waived on this basis. *See Iron Age Corp., supra*; *Eichman, supra*; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a).

violation of the UTPCPL based on Emerson's deceptive business practices. Specifically, he alleges that Emerson knew of problems with the compressor and hid them from the public. Appellant suggests that Emerson and ABCO engaged in a deceptive joint return protocol which hid the cost of successive replacements. We disagree that relief is due.

To defeat a defendant's motion for summary judgment, a plaintiff must "come forward with sufficient evidence essential to preserve the cause of action." *InfoSAGE, Inc. v. Mellon Ventures, L.P.*, 896 A.2d 616, 625 (Pa.Super. 2006) (quoting *McCarthy v. Dan Lepore & Sons Co., Inc.*, 724 A.2d 938, 940 (Pa.Super. 1998)). "[T]he evidence relied upon by the non-moving party need not be direct evidence, but may be circumstantial evidence and the inferences reasonably deducible therefrom." *Id.* at 626. However, "a court reviewing the propriety of a summary judgment motion must be mindful that a jury may not be permitted to reach its verdict on the basis of speculation or conjecture." *Id.*

The UTPCPL provides relief to consumers for various deceptive business practices and lists 20 enumerated practices which constitute actionable "unfair or deceptive acts or practices," (*see* 73 P.S. § 201–2(4)(i)–(xx)), in addition to one catchall clause for "[e]ngaging in any other fraudulent or deceptive conduct which creates a likelihood of confusion or of misunderstanding" (*see id.* at § 201-2(4)(xxi)). To bring a private cause of action under the UTPCPL, an individual must establish that,

(1) they purchased or leased goods or services primarily for a personal, family, or household purpose; (2) they suffered an ascertainable loss of money or property; (3) the loss occurred as a result of the use or employment by a vendor of a method, act, or practice declared unlawful by the [UTPCPL]; and (4) the consumer justifiably relied upon the unfair or deceptive business practice when making the purchasing decision.

*Gregg v. Ameriprise Fin., Inc.*, ___ Pa. ___, ___. 245 A.3d 637, 646 (2021). The test for deceptive conduct is "whether the conduct has the tendency or capacity to deceive." *Id.* at ___, 245 A.3d at 650. As our Supreme Court has explained, "liability for deceptive conduct under the [UTPCPL] cannot be excused if consumers rely upon that conduct to their financial detriment." *Id.*

Instantly, Appellant has generally alleged that in selling the compressor, and in providing a warranty for sale, Emerson and ABCO deceived him into believing that he would be reimbursed not only for the compressor, but also for his out-of-pocket installation costs. However, Appellant has produced no evidence of any conduct by Emerson or ABCO that would form the basis of his assumption that he would be reimbursed for these costs. *See Gregg, supra*. To the contrary, the terms of sale made clear that Appellant would not be reimbursed for consequential damages. Further, any claim that ABCO and Emerson conspired to hide the allegedly defective nature of the compressors from the public is nothing more than speculation without record support. Therefore, we see no error with the court's grant of summary judgment in favor of Emerson. *See InfoSAGE, supra*. *See also Chenot, supra*.

- 21 -

In his fourteenth issue, Appellant has not included any discussion, but rather states "See II. (supra) and XIII (supra)." (Appellant's Brief at 28). Consequently, this issue is waived. *See Iron Age Corp., supra*; *Eichman, supra*; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a).

In his fifteenth issue, Appellant again claims that he was entitled to damages as a matter of law based on the breach of warranty. As discussed above, this claim is meritless because there was no breach of warranty.

In his sixteenth issue, Appellant once again does not include any discussion and has accordingly waived this issue. *See Iron Age Corp., supra*; *Eichman, supra*; Pa.R.A.P. 2101; Pa.R.A.P. 2119(a). Accordingly, Appellant's claims merit no relief, and we affirm.

Order affirmed.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 10/24/2023